MANION BLACKSMITH AND WRECKING COMPANY, Plaintiff in Error, v. E. E. CARRERAS, Defendant in Error.

St. Louis Court of Appeals, November 24, 1885.

PRACTICE—JUDGMENTS—EXCEPTIONS—NEW TRIAL—ARREST OF JUDG-

ment. — It is not necessary, in order to save an exception to the court's refusal to grant the plaintiff's motion for a larger judgment *non obstante veredicto,* that he should move for a new trial, or in arrest of judgment.

Error to the St. Louis Circuit Court, George W. Lubke, Judge.

*Writ dismissed.*

This is a writ of error prosecuted by the plaintiff in the same cause as between the same parties (*ante,* p. 162). The ruling which the plaintiff assigns for error arose in this way : Upon the trial of the issues the jury rendered a verdict in favor of the plaintiff in error for one hundred and fifty dollars as principal, and $29.25 as interest thereon. The plaintiff thereupon moved for a judgment *non obstante veredicto,* for the sum of $43.25 in addition to the amount found by the jury, claiming that he was entitled to it under the admissions of the pleadings. The court overruled the motion and the plaintiff excepted and took a bill of exceptions. But he did not file any motion for new trial, or in arrest of judgment. An opinion was delivered by Thompson, J., in which the court took the view that, because of his failure to do this, he had lost the benefit of his bill of exceptions ; and as no error appeared on the record proper, and as the judgment had been reversed on the defendant's appeal in the same case, the court ordered that the writ of error be dismissed. Subsequently a motion for re-hearing was filed and was presented on briefs by

A. J. P. Garesche, for the plaintiff in error, and

Edmond A. B. Garesche, for the defendant in error.

On consideration of which
Thompson, J., delivered the opinion of the court.
On recurring to the question, we are of opinion that we

were wrong in holding that the plaintiff lost the benefit of his bill of exceptions by failing to file a motion for new trial, or a motion for arrest of judgment, upon the ground that the court erred in overruling his motion for judgment *non obstante veredicto.* He did not want a new trial, and did not want to have the judgment arrested. He had recovered a substantial judgment, and what he wanted was a larger judgment on what he claimed to be the admissions of the pleadings.

But while this is so, we can not grant a re-hearing on this writ of error, because it is merely in the nature of a cross appeal, and, as we have reversed the judgment which the plaintiff obtained, and remanded the cause upon the defendant's appeal in the same cause *supra*, the whole matter must go back to the circuit court for further proceedings. As we have, upon consideration of the plaintiff's motion for re-hearing in that case, decided to overrule the same, we can not, of course, grant a re-hearing in this case.

This motion for re-hearing is accordingly overruled, with the concurrence of all the judges.