[S. F. No. 717.  Department Two.—November 3, 1897.]

E. R. THOMASON, Respondent, v. JOSEPH CUNEO et al., Appellants.

119  25<br>138 134

STREET ASSESSMENT—BOUNDARIES OF DISTRICT—DESCRIPTION IN RESOLUTION OF INTENTION—ANGLES AND DIRECTIONS CONTROLLED BY STREETS AND FIXED POINTS.—In determining the validity of a street assessment, the boundaries of the assessment district fixed by the resolution of intention will not be construed as not including a definite piece of land, merely because the calls for the angles and directions of the lines are at variance with the calls for streets and fixed points upon them, but the streets will be considered as monuments controlling the angles which they or their parallels are supposed to make with each other, and a fixed point on a street will control the direction of a line supposed to be parallel with another street, and it is sufficient if a surveyor, by rejecting the erroneous calls for angles and directions, can definitely locate the boundaries of the assessment district by means of the streets and fixed points upon them.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial.  J. M. Troutt, Judge.

The facts are stated in the opinion of the court.

J. P. Langhorne, and James M. Allen, for Appellants.

J. C. Bates, for Respondent.

McFARLAND, J.—This is an appeal by defendants from a judgment of plaintiff in an action to foreclose the lien of a street assessment, in the city and county of San Francisco, and from an order denying defendants' motion for a new trial.

The only point made by appellants is, that the board of supervisors did not acquire jurisdiction to order the work done, because they failed to declare and describe in the resolution of intention any assessment district as required by section 3 of the street law—it being admitted that such declaration and description are jurisdictional.  The contention of appellant is, that the calls of the description in the resolution of intention do not include any district or piece of land whatsoever—that they do not close at the initial point.  It is clear that the diagram prepared by the official surveyor and attached to the assessment does show

the exterior boundaries of the alleged assessment district, and includes a definite piece of land; but it is contended that the surveyor could not properly produce the diagram from the description in the resolution of intention. We do not think, however, that this contention can be maintained.

In construing a description, monuments and fixed points control courses, distances, and angles. In the case at bar, there is no question as to the initial point; it is "a point on the east side of Kentucky street one hundred and five (105) feet northerly from the northeaserly corner of Kentucky street and Second avenue south." The first course is "thence running southeasterly and parallel with Second avenue south four hundred (400) feet," and there is no dispute as to this course. The second course is "thence at right angles southwesterly and parallel with Railroad avenue to the center line of Eighteenth avenue south." This line, if run at right angles with the first course, would not be parallel with Railroad avenue; if run parallel with said avenue it makes an angle with the first course somewhat greater than a right angle. But here the monument is the street—Railroad avenue; and the surveyor properly run the line southwesterly and parallel with the street, rejecting the term "at right angles" as controlled by the monument. The same thing was done with respect to the third course, which is "thence at right angles northwesterly and parallel with Eighteenth avenue south eight hundred and eighty (880) feet"; the line was run parallel with the avenue, although the angle thus made with the previous course was somewhat less than a right angle. The fourth course is: "thence at right angles northeasterly and parallel with Railroad avenue," to a definitely fixed point, to wit: "to a point four hundred (400) feet northwesterly from the westerly line of Kentucky street and one hundred and five (105) feet northeasterly from the northeasterly line of Second avenue south." This line, in order to reach the said fixed point, varies a very little from an exact parallel with Railroad avenue; but here the fixed point controls the other calls, and the surveyor properly ran from the end of the previous course in a direct line to the said fixed point. The fifth and last course is: "thence at right angles southeasterly and parallel with Second avenue south to the point of com-

mencement." A line from the said fixed point at the end of the fourth course to the point of commencement is very slightly out of parallel with Second avenue; but the same rule which we have applied to the fourth course applies here, and the surveyor properly ran the line straight from the one fixed point to the other.

The judgment and order appealed from are affirmed.

Henshaw, J., and Temple, J. concurred.

Hearing in Bank denied.