## Frank Goedecke v. The People of the State of Illinois.

### Gen. No. 12,274.

1. JUDGMENT NON OBSTANTE VEREDICTO—*when erroneous.* It is error to enter judgment *non obstante veredicto* where a material issue has been raised by a good plea and determined by the jury from the evidence.

2. MOTION FOR NEW TRIAL—*when may be renewed.* Where a party has withdrawn his motion for a new trial in order to move for a judgment *non obstante veredicto*, he may, upon such judgment being set aside, renew his motion for a new trial.

*Quo warranto proceeding.* Appeal from the Circuit Court of Cook County; the Hon. JULIAN W. MACK, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1905. Reversed and remanded. Opinion filed March 23, 1906.

NICHOLAS MICHELS, for appellant; WOOD, FYFFE & AD-COCK, of counsel.

JOHN J. HEALY, State's Attorney, for appellee; CHURCH, McMURDY & SHERMAN, of counsel.

MR. JUSTICE FREEMAN delivered the opinion of the court. This was an information in the nature of *quo warranto*,

to test the validity of a license issued to appellant to keep a dram-shop at and upon the premises 5008 Cottage Grove avenue, within what is known as the local option district of the former village of Hyde Park. A plea of justification was filed, which together with the facts in evidence, are as stated in The People v. Griesbach, 211 Ill., 35, to which reference may be had. The causes are in all substantial respects identical and were submitted to the jury upon like stipulations, under which either party might prove any fact or raise any question of law which could properly be proved or raised under any pleadings appropriate to the causes. They were tried together. The question here involved is whether appellant had complied with the ordinance requiring an application for a license in that locality to be signed by a majority of the property owners according to frontage on both sides of the street in the block in which such dram-shop is to be kept. To be valid the application should bear the signatures of the owners of 2252.52 feet of frontage. That in controversy purported to contain the signatures of owners of 2347.13 feet, but one of them, Charles Nottbohm, owner of 214.34 feet subject to the dower of his mother Mathilda Nottbohm, was, as the evidence shows, a minor, and his mother, whose signature was also appended to the application, was his guardian. She did not sign as guardian but apparently in her individual capacity, attaching her name without suggestion of guardianship or interest.

After the trial, pending the appeal in the Griesbach case, a jury having returned a verdict in the case at bar in favor of appellant, the People moved for a new trial, and pursuant to an understanding between counsel and the court, it is said, the present case was allowed to rest on the motion for a new trial to await the outcome of the appeal in the Griesbach case. The judgment in that case was reversed by the Supreme Court and the cause remanded for further proceedings. Thereafter the People withdrew the motion for a new trial in the case at bar by leave of court and moved for judgment of ouster *non obstante veredicto*. The court

entered judgment accordingly, from which this appeal is taken.

Assuming as contended by counsel for appellee that the judgment complained of may be such as under the views expressed by the Supreme Court in People v. Griesbach, will eventually be rendered, it is nevertheless erroneous as the cause now stands. There was a verdict of a jury in favor of appellant. It is true that the court might as now advised have directed a verdict upon that evidence for the People and entered judgment accordingly; but at that time the trial court was of opinion which it acted upon in the Griesbach case, that judgment might properly follow the verdict in favor of appellant. Having submitted the cause to the jury upon evidence which tended to support appellant's contention and upon which a verdict was rendered in his favor, if upon further consideration the court was of opinion the verdict should be set aside, the motion for a new trial should, we think, have been granted. Here there was a plea of justification, and it was not for the court to say that appellant should not have an opportunity to offer further evidence if any he had, in addition to that which the jury had thought sufficient. The jury was wrong in finding in appellant's favor upon the evidence before it. The fault was not in the pleadings. A verdict cannot help an immaterial issue. There was, however, a material issue raised by a good plea in the present case, and a judgment *non obstante veredicto* could not properly be rendered. Hitchcock v. Haight, 2 Gilman, 604–611; Gould on Pleading, 5th ed., sec. 46, p. 482. It is said in Ency. of Pl. & Pr., vol. 11, title "Judgments," p. 919, that "such judgment will not be rendered where there is substantially a material issue or a good defense, although the pleading is technically defective." Here there is no defect in the pleading. The trouble is that the evidence does not warrant the verdict, and a new trial must be granted.

The Griesbach case was reversed and remanded by the Supreme Court for a new trial upon the same pleading and evidence as in the case at bar. Such is the force and effect

of the language, viz.: "For such other and further proceedings as to the law and justice shall appertain." Hoveland v. McNeill, 104 Ill. App., 149; City of Paxton v. Bogardus, 188 Ill., 72–74.

Appellant urges that the People's motion for a new trial having been withdrawn, he is entitled to judgment on the verdict in his favor. In this we do not concur. If the People desire to renew the motion for a new trial, we discover no reason why they may not be permitted to do so.

The judgment of the Circuit Court is reversed and the cause remanded.

*Reversed and remanded.*