# WILLIAM KINKAID, Appellant, v. ISAAC A. LEVY, Respondent.

**Kansas City Court of Appeals, November 7, 1910.**

1. **CONTRACTS: Exceptions: Waiver of Error.** An option contract for the purchase of personal property, in addition to the consideration, provided a definite sum for liquidated damages in the event of a breach. Upon a tender of the consideration, the defendant failed to perform his part of the contract, and the plaintiff thereupon brought suit for breach thereof. Evidence that the first agreement was for the payment of a fixed sum for the property, a part of which was paid, and that the remainder was to be paid monthly, was rejected upon objection by the defendant, but no exception to the ruling was saved. *Held*, that by failing to save an exception to the court's ruling, the plaintiff waived his right to show the circumstances leading up to the execution of the contract.

2. **CONTRACTS: Evidence: Liquidated Damages.** The trial court erred in excluding evidence that $1800 was to be paid for the property, that $600 had been paid, and that the remainder was to be paid monthly, as such evidence tended to throw light upon the question whether the sum of $450 was intended as a penalty or as liquidated damages, but the error was waived by failure to except to the ruling.

3. **PLEADING: Issues and Proof.** Where the petition alleges a cause of action for the recovery of actual damages, and the parties tried the case upon the theory of liquidated damages, it was error for the trial court to direct a verdict in plaintiff's favor for one cent, where the evidence shows that there was a sum fixed by the parties to be paid as liquidated damages, and that this amount was not intended as a penalty.

4. **CONTRACTS: Evidence: Prejudicial Error.** Where evidence showing the circumstances surrounding and leading up to the execution of an option contract is properly admissible whether the theory of plaintiff's action be the recovery of actual or of liquidated damages, the action of the trial court in excluding such evidence so greatly prejudiced the rights of the plaintiff that his motion for a new trial ought to have been sustained.

5. **JUDGMENT: Non Obstante Veridicto.** An instruction requested by plaintiff, requiring the jury to render a verdict in his favor for $450, was refused, and the trial court then di-

rected the jury to render a verdict in favor of plaintiff for one cent. After verdict, plaintiff filed a motion for judgment *non obstante verdicto*, which was overruled. *Held*, that such motion was properly overruled, as there could be no judgment rendered so long as the verdict itself remained. Such motions have no office to perform under the Missouri practice. Where a party is entitled to a verdict upon the evidence, request for instruction to that effect to the jury should then be made, and not wait until a verdict is rendered against him.

6. **EVIDENCE: Liquidated Damages or Penalty.** In an option contract for the purchase of personalty, all the facts and circumstances surrounding the making of the contract, may be shown without varying or contradicting the contract in any particular, to determine whether the sum named in such a contract as liquidated damages was such in fact, or whether said sum was in the nature of a penalty.

Appeal from Jackson Circuit Court.—*Hon. W. O. Thomas*, Judge.

REVERSED AND REMANDED.

*W. C. Culbertson* and *R. W. Crimm* for appellant.

(1) Respondent expressly admitted that the four hundred and fifty dollars named in the contract to be paid by respondent to appellant upon a breach by him was liquidated damages, and waived the question of its being a penalty. (2) In an action to recover liquidated damages provided in a contract it is not necessary in addition to the contract and its breach to allege and prove specific damages. Long v. Furnas, 130 Iowa 504, 107 N. W. 432; Spencer v. Hoop, 51 Ind. 365; 5 Ency. Pl. and Pr., p. 39. (3) A sum duly fixed as liquidated damages and not as a penalty is recoverable without proof of actual damages. May v. Crawford, 150 Mo. 504; 19 Am. and Eng. Ency. (2 Ed.), p. 422; Abbott's Trial Evidence, p. 8, par. D; Beale v. Hayes, 7 N. Y. Supr. Ct. 640. (4) The four hundred and fifty dollars stipulated in the contract to be paid by respondent to appellant upon a breach of same by him

is liquidated damages and not a penalty. May v. Craw-ford, 142 Mo. 390; Hamaker v. Schroers, 49 Mo. 406; Railroad v. Stone, 90 Mo. App. 71; Morse v. Rathburn, 42 Mo. 594; Willis v. Forester, 124 S. W. 1090; Electric Light Co. v. Hat Co., 94 Mo. App. 543.

*J. C. Rieger, S. M. Carmean* and *B. F. Pursel* for respondent.

BROADDUS, P. J.—This is a suit to recover damages for a breach of contract.

The contract reads as follows: "This agreement, made and entered into this 4th day of April, 1905, by and between Isaac A. Levy and William Kinkaid, both of Kansas City, Missouri, witnesseth, that for valuable consideration the receipt of which is hereby acknowledged said Levy has this day given said Kinkaid an option, and by these presents does give said Kinkaid an option to purchase from said Levy, and said Levy does by these presents agree to sell and convey to said Kinkaid, if said Kinkaid shall so choose to purchase, all the following personal property, now in what is known as the 'Star Pool Room,' in the rear of building at No. 1310 Walnut street, Kansas City, Missouri, to-wit: Three pool room tables, three rugs, two Mayor cue racks, fifteen cues, fifteen chairs, and three pictures; all in fair condition, on or before the 1st day of May, 1906, for the sum of one hundred and fifty dollars. It is agreed and understood between said parties that the tables above referred to are the three-cherry-wood tables now in said room. It is further agreed and understood between said parties that said Kinkaid shall not have the right to exercise said option before the first day of May, 1906, except in case that said Levy shall sell the fixtures and furniture in said pool room before said date, in which event said Kinkaid shall have at least ten days' notice in writing to raise the said sum of one hundred and fifty dollars before taking said

property. It is further agreed that should said Levy fail and refuse to deliver the property above set forth at the time above set forth then and in that event said Levy agrees to pay said Kinkaid the sum of four hundred and fifty dollars as liquidated damages. It is further agreed that should said property be destroyed during the existence of this option without the fault or negligence of said Levy, then and in that event this option shall be void, and said Levy agrees to pay said Kinkaid one-fourth of any and all insurance he may recover on all the furniture and fixtures now in said pool room. If said Levy shall sell said pool room and business before May 1, 1906, then said Kinkaid shall, within ten days after notice, comply with the terms of this option, or forfeit all right thereunder. Witness the signatures of said parties the day and year last above written.''

On the first day of May, plaintiff went to the place where the property was located and notified defendant that he had the one hundred and fifty dollars, the amount stipulated he should pay for the property, and counted it out in the presence of the defendant, but at the same time said he would not take the property, as it was not in fair condition, but had been damaged since the date of the agreement. The defendant not being able to deliver the property because it was not in fair condition, the plaintiff brought this suit.

The petition after setting forth the contract and alleging the breach thereof, which is followed by this allegation: ''Plaintiff alleges that he has fully complied with all the terms of and requirements of said contract on his part within the time provided therefor, but that defendant has failed and refused to deliver to the plaintiff the property described in said contract by reason of which plaintiff is damaged by defendant to the sum of four hundred and fifty dollars.''

At the very beginning of the trial, the plaintiff was asked the following question: Q. "Mr. Kinkaid, I wish you would state to the court and jury your first agreement with Mr. Levy?" A. "My first agreement with Mr. Levy was to pay eighteen hundred dollars for the pool room fixtures. I paid six hundred dollars down, was to pay fifty dollars a month after the first month." "Did you give any evidence—any notes?" Mr. Rieger, attorney for defendant said: "I object to all that kind of testimony. This suit is on a contract, and there is only one issue in it—that is, whether or not he went and tendered his money for these tables and Mr. Levy refused to deliver them." Plaintiff's attorney then said: "We can simplify it a great deal then, if you will agree—if that is the only issue in the case we will confine our testimony to just that issue." However, he insisted that plaintiff ought to have the right to show what led up to the contract. Finally the court by its ruling restricted plaintiff to proof relating to a violation of the contract itself. The plaintiff took no exceptions to the ruling of the court, thereby waiving his right to show the circumstances surrounding and leading up to the making of the contract.

The plaintiff's evidence was sufficient to show that he tendered the sum of one hundred and fifty dollars to defendant in payment of the property and that defendant was unable to deliver it in fair condition as stipulated. Notwithstanding the ruling of the court and defendant's contention that plaintiff be restricted to a violation of the contract, the defendant's attorney brought out on cross-examination of one of plaintiff's witnesses, that the tables alone were of the value of nine hundred dollars. The plaintiff asked the court to instruct the jury that if they found for him they would return a verdict in his favor for four hundred and fifty dollars. The court refused this instruction and modified it by directing the jury to return a verdict in his favor for one cent. The jury returned in

accordance with the instruction a verdict for one cent damages. After verdict plaintiff filed what is called a 'motion for judgment *non obstante veredicto*' and a motion for a new trial, both of which the court overruled.

The court was in error in not permitting plaintiff to prove the circumstances antedating the contract, as that offered tended to throw light on the question whether the sum of four hundred and fifty dollars was intended as a penalty or as liquidated damage. On the face of the contract it appeared to be a penalty, for it was more than double the price plaintiff was to pay for the property. But it seems that plaintiff accepted the ruling of the court thereby waiving the error.

However as defendant in his cross-examination of one of the plaintiff's witnesses supplied to some extent the rejected testimony by proving that the property was worth from eight hundred to nine hundred dollars, we can see the motive for the agreement of the parties in fixing a certain amount as liquidated damages. In the first place plaintiff's suit was not to recover any specific sum as damages for breach of the contract, but for the damages he had in fact sustained, and the evidence of the value of the property not only went to show a reason for fixing the amount of plaintiff's damages, but also his actual damages; that is to say, the difference between the price agreed to be paid and the actual value of the property. Notwithstanding plaintiff's action was not to recover the sum of four hundred and fifty dollars as the fixed amount of his damages, but to recover his actual damages sustained in that sum, yet as both parties tried the case upon the theory that it was such, it was error to limit the amount of his recovery to one cent, as the evidence as to the actual value of the property tended to show that the sum mentioned was not intended as a penalty but as liquidated damages.

Under the theory of his petition he would have been entitled, if he recovered, to a verdict for the actual amount of damage he sustained by the breach not to exceed the amount of said sum of four hundred and fifty dollars. And whether the case be tried upon either theory, the plaintiff should be allowed to prove the circumstances leading up to the making of the agreement of the parties, and the value of the property itself, in order that either his actual damages might be ascertained or whether the sum fixed as damages was a penalty or as liquidated damages.

The court ought to have sustained plaintiff's motion for a new trial as the errors noted were calculated to defeat the ends of justice, and greatly prejudice the rights of the plaintiff. The action of the court in overruling plaintiff's motion for a judgment *non obstante veredicto* is approved as there could be no such judgment rendered so long as the verdict itself remained. Such motions have no office to perform under our practice. If a party is entitled to a verdict under the testimony he should ask to so instruct, and not wait until one is rendered against him, and then request one as it were *post mortem*. Whether the expressed sum for liquidated damages was such in fact or in the nature of a penalty is to be gathered from all the facts and circumstances surrounding the making of the contract, and they may be shown without varying or contradicting the contract in any particular. For the error noted, the cause is reversed and remanded. All concur.