THOMAS KING, Respondent, v. KAW-MO WHOLE-
SALE GROCER COMPANY, Appellant.

Kansas City Court of Appeals, March 1, 1915.

NEGLIGENCE: Personal Injuries: Excavation. The plaintiff while walking on the sidewalk at night fell into an unguarded excavation in the defendant's lot, was injured and prosecutes this action to recover damages therefor. After verdict the defendant filed no motion for new trial or motion in arrest of judg-

ment, but filed a motion *non obstante veredicto.* It was *held* that a motion for judgment *non obstante veredicto* can only be sustained when it appears from the record that the allegations in the answer constitute no defense to the action, and cannot be substituted for a motion for new trial and in arrest of judgment.

Appeal from Jackson Circuit Court.—*Hon. O. A. Lucas,* Judge.

AFFIRMED.

*N. F. Heitman* and *Hunt C. Moore* for appellant.

*Frank D. Rader* and *James M. Rader* for respondent.

JOHNSON, J.—Plaintiff alleged that he was walking at night along the sidewalk on the east side of Walnut street near Second street in Kansas City when he fell into an excavation on defendant's lot, which was negligently left unguarded, and sustained serious personal injuries.

The answer in addition to a general denial pleaded contributory negligence and further alleged that plaintiff before falling into the pit had left the street and was trespassing upon private property. The reply was a general denial.

A trial of the issues resulted in a verdict of $2500, for plaintiff which the court set aside on the ground that it was against the weight of the evidence and ordered a new trial. At the close of the evidence introduced by plaintiff at the second trial and again at the close of all the evidence defendant asked a peremptory instruction but these requests were refused and the court submitted the cause to the jury on the pleaded issues of negligence and contributory negligence, and the jury returned a verdict for plaintiff in the sum of $1000. Defendant did not file a motion for a new trial, or in arrest of judgment, but within

four days after the verdict, filed a motion for judgment *non obstante veredicto* upon the grounds, first, that "under the pleadings the judgment in this case should be for the defendant" and, second, that "under the pleadings and the evidence the judgment should be for the defendant." No demurrer to the petition was interposed and counsel for defendant do not contend in their brief and argument that the petition fails to state a cause of action. The right they assert to have judgment rendered for their client notwithstanding the verdict is founded on the idea that plaintiff failed completely in his proof, that the trial court should have directed a verdict for defendant, that no good purpose could have been served in asking for and obtaining another trial of the cause since the evidence of plaintiff shows affirmatively that he has no case on the facts and that another trial, of necessity, would result in a directed verdict for defendant. In such state of case it is argued that after verdict it was proper for defendant to give the trial court another opportunity to do what it should have done before verdict, viz., to declare as a matter of law that plaintiff has no case upon the facts.

It will not be necessary to state the facts disclosed by the evidence since in the view we have of defendant's position, it is immaterial whether the court ruled correctly or incorrectly in overruling the demurrers to the evidence and we shall assume, *arguendo,* that the court erred in not directing a verdict for defendant.

Such error was a matter of exception which defendant waived by failing to preserve it in the method prescribed by our code of civil procedure. The peculiar office of the motion for a new trial (Sec. 2022, R. S. 1909) is to preserve matters of exception, i. e., errors committed at the trial by which the verdict or finding became improper and where the party against whom such prejudicial error was committed

fails to employ this statutory vehicle, he loses the right, after verdict, of formally invoking the corrective power of the court. [State ex rel., Iba, v. Ellison, et al., 256 Mo. 644.]

Under our code the only means an unsuccessful defendant may employ in attacking the adverse verdict are a motion for a new trial and the motion in arrest of judgment, the former to reach matters of exception, the latter to attack the plaintiff's right to a recovery upon the face of the record proper. The questions of the propriety of the court's rulings upon evidence or in instructing the jury will be waived if not repeated in a motion for a new trial, while the proper method of calling the court's attention, after verdict, to the insufficiency of the petition to state a cause of action which will support a judgment for the plaintiff, is by motion in arrest. In the present case the petition obviously and confessedly states a good cause of action and there was no occasion for moving in arrest of judgment and since the propriety of the ruling on the peremptory instruction was not questioned by motion for a new trial, defendant waived the question and has brought nothing to us for review.

The attempted use of the motion *non obstante veredicto* evinces a misconception of the function and purposes of such motion. Indeed, it was recently held by this court in an opinion written by BROADDUS, P. J. (Kinkaid v. Levy, 151 Mo. App. 352) that such motions had become obsolete and were strangers to our practice. In Manion v. Carreras, 19 Mo. App. 535, the motion was held proper where employed by a plaintiff in whose favor a verdict was returned but which he contended was inadequate under the admissions of the defendant's pleadings. In Shearer v. Trust Co., 136 Mo. App. 229, this court, speaking through ELLISON, J., treated the motion as not being obsolete or foreign to the practice in this State, but as being available only to a plaintiff and never to a defendant.

And in Hurt v. Ford, 142 Mo. 283, it is held by the Supreme Court "a motion for judgment *non obstante veredicto* can only be sustained when it appears from the record that the allegations in the answer constitute no defense to the action." This decision, being the last utterance of the Supreme Court on the subject, is binding authority in support of the view that the motion is not foreign to our practice but is available only to a plaintiff. We, therefore, must disapprove our statement in Kinkaid v. Levy, supra, that "such motions have no office to perform under our practice."

The office of such motions is the reverse of that of motions in arrest. The latter, as stated, are used by defendants after verdict to attack the sufficiency of the record proper to sustain a verdict in favor of the plaintiff while motions *non obstante veredicto* are for the sole use of a plaintiff in attacking a verdict as not being consistent with the pleaded admissions of the defendant. As, for example, where the answer is in the nature of a plea in confession and avoidance —admits that the defendant committed the alleged wrong, but alleges as an affirmative defense matter which constitutes no defense in law—the plaintiff may move for judgment notwithstanding the verdict against him. But the motion cannot be employed to challenge the sufficiency of the proof of either party. It has no concern with errors committed at the trial which are matters of exception and obviously cannot be allowed to usurp any part of the functions of a motion for a new trial.

The motion in arrest and its counterpart, the motion *non obstante veredicto* "must always be grounded upon something apparent on the face of the pleadings." [Slocum v. Insurance Co., 228 U. S. l. c. 381, and authorities cited.] Further it is said in that case "this court (in Bond v. Dustin, 112 U. S. 604, 608, and Van Stone v. Stillwell & Bierce Mfg. Co., 142 U. S. 128, 135), recognizing that this was the extent

of the common-law practice, held that a motion in arrest of judgment could not be sustained for an insufficiency in the evidence, but only for a defect apparent on the face of the record proper. Thus, it will be perceived that the rules of the common law, permitting a judgment *non obstante veredicto* and the arrest of judgment on a verdict, did not embrace cases like the present, but only those in which the pleadings presented no material issue requiring a trial or ver dict.''

To the same effect are the following cases cited in the brief of plaintiff: Pederson v. Railroad, 229 U. S. 146; Myers v. Pittsburg Coal Co., 34 Sup. Ct. Rep. 559; United States v. Gardner, 133 Fed. Rep. 285; Floyd v. Colo. Fuel & Iron Co., 10 Colo. App. 55, 50 Pac. 846; Hurt v. Ford, supra; Shearer v. Trust Co., supra; Kinkaid v. Levy, supra; 11 Ency. of Pl. & Pr. 912; 23 Cyc. 778.

Great reliance is placed by defendant upon the decision in Hager v. Terminal Railroad Association, 207 Mo. 302, where the judgment was reversed and the cause remanded with directions to enter judgment for the defendant on the ground that the trial court erred in refusing to give a peremptory instruction to the jury. But the defendant in that case did not file a motion *non obstante veredicto* and there is nothing in the opinion or in the disposition of the case to warrant the conclusion that the Supreme Court would tolerate a practice which would substitute motions in arrest and *non obstante veredicto* for motions for a new trial and invest trial courts with the new power, of purely judicial creation, of rendering a judgment opposite to the verdict on the ground that the verdict was without the support of substantial evidence. Our code of procedure contemplates that a new trial may be granted by the trial court for prejudicial errors committed at the trial when proper motion is made therefor, but contains no warrant, nor is justifi-

cation to be found in the common law, for the broader powers with which defendant would have us hold the trial court is invested. At any rate the motion *non obstante veredicto*, being confined, as we have shown, to the pleadings—the record proper—could not be used as the instrumentality by which such larger power might be exercised.

The judgment is affirmed. All concur.