FIRST NATIONAL BANK OF ZIEGLER, ILLINOIS, A CORPORATION, RESPONDENT (PLAINTIFF), v. GEORGE L. DUNBAR AND JOHN M. MONIE, APPELLANTS (DEFENDANTS).—72 S. W. (2d) 821.

St. Louis Court of Appeals. Opinion filed June 22, 1934.

*Taylor, Chasnoff & Willson, James S. McClellan* and *James V. Dunbar* for appellants.

*Bryan, Williams, Cave & McPheeters* for respondent.

690

McCULLEN, J.—This cause is before this court for the second time on appeal. Respondent, hereinafter called plaintiff, brought the action to recover the balance due upon a promissory note made by George L. Dunbar and John M. Monie, defendants, dated January 13, 1926, payable to the order of plaintiff six months after date, in the sum of $3,372.48, with interest.

At the conclusion of the first trial the court directed a verdict for plaintiff and against defendants on defendants' counterclaim, but submitted to the jury the question of defendants' liability to plaintiff on plaintiff's cause of action, resulting in a verdict thereon for defendants. The trial court overruled defendants' motion for a new trial on their counterclaim, but sustained plaintiff's motion for a new trial on its cause of action. Defendants appealed to this court, where the judgment of the trial court sustaining plaintiff's motion for a new trial was affirmed and the cause remanded. [See First National Bank of Ziegler, Illinois, v. Dunbar et al., 31 S. W. (2d) 257.]

After the mandate of this court went down the cause was again tried without any change having been made in the pleadings.

The petition of plaintiff alleged that defendants, by their promissory note, dated January 13, 1926, promised to pay plaintiff or order, six months after date, the sum of $3,372.48, with interest from date

at the rate of seven per cent per annum until paid, and that as collateral security for the payment of said note defendants pledged a special assessment tax voucher of the City of Ziegler, Illinois, dated January 10, 1923, in the sum of $4,500.

Plaintiff further alleged that no part of said note had been paid except $100, which was realized from the sale of the aforesaid collateral; that the sale of the collateral had been duly advertised and the same was sold on May 9, 1927, at the City of Ziegler, Illinois. Plaintiff prayed judgment against defendants for $3,272.48, with interest at seven per cent per annum from January 13, 1926. The promissory note in question, marked plaintiff's Exhibit A, was attached to plaintiff's petition. A copy of the notice of the sale of the collateral was also attached to plaintiff's petition and marked plaintiff's Exhibit B.

In their amended answer defendants, after denying each and every allegation in plaintiff's petition, admitted that they made and delivered to plaintiff the promissory note mentioned, and that they delivered to and pledged with plaintiff contemporaneously with said promissory note, the special assessment tax voucher referred to in plaintiff's petition.

Defendants further alleged that the sale of the collateral by plaintiff for the sum of $100 was invalid because the notice of the sale did not state by what authority or what power the sale was to be made; that it did not state the ownership of the collateral; that it did not state in whose behalf the sale was to be made; that it did not sufficiently describe the collateral; that it failed to state that said collateral bore interest at six per cent per annum from the date thereof until paid; that the sale was not held in a public place, but was held in plaintiff's private banking room in Ziegler, Illinois, and that plaintiff failed to exercise reasonable diligence to secure a fair price for the collateral at said sale, and that the sum of $100 realized at said purported sale was wholly and unconscionably inadequate.

The amended answer then alleged that by reason of the foregoing allegations the sale of the collateral was void and of no effect and that plaintiff thereby became indebted to defendants in a sum equal to the reasonable value of said tax voucher collateral as of the date of the purported sale thereof; that the reasonable value of said tax voucher was the face value thereof, namely, $4,500, together with accrued interest thereon, making a total of $5,670.

Following the above mentioned allegations, the amended answer alleged that:

"Defendants state that there was due and owing from defendants to plaintiff, on account of said promissory note and interest thereon, as of the date of said purported sale, the sum of three thousand six hundred eighty-seven dollars and thirteen cents ($3,687.13), to the pay-

ment of which the defendants were entitled to have applied, and the plaintiff was required to apply, so much of the aforesaid indebtedness owing from plaintiff to defendants as was necessary to pay said promissory note and interest thereon, by reason of which said promissory note now is and ever has been since May 9, 1927, paid in full.''

For their counterclaim defendants adopted all the allegations of their amended answer and then alleged that by reason thereof there was due and owning from plaintiff to defendants on May 9, 1927, the difference between $5,670, being the indebtedness owing from plaintiff to defendants, and the sum of $3,687.13, being the indebtedness owing by defendants to plaintiff, which difference amounted to $1,982.87, for which amount, with interest thereon, defendants prayed judgment against plaintiff.

Plaintiff, in its reply, generally denied the allegations of defendants' amended answer and counterclaim.

The second trial resulted in a verdict by the jury in favor of defendants and against plaintiff on plaintiff's cause of action, and in favor of defendants and against plaintiff on defendants' counterclaim, assessing damages in favor of defendants on their counterclaim in the sum of $1,228.40, with interest thereon at the rate of six per cent per annum from May 9, 1927, to March 25, 1931, amounting to $285.82, aggregating $1,514.22.

On the same day that the verdict of the jury was returned plaintiff filed a motion for judgment, notwithstanding the verdict, on the ground that defendants' answer ''does not state facts sufficient to constitute a defense to the cause of action set out in plaintiff's petition,'' and on the further ground that ''the answer of defendants confesses plaintiff's cause of action and the facts set up in said answer in avoidance thereof are insufficient in law.'' The court overruled this motion on the same day it was filed.

In due time plaintiff filed a motion for a new trial, setting up twelve grounds therefor. Plaintiff's motion for a new trial was sustained by the court on ground No. 8 thereof, in which it was charged that the court erred in giving and reading to the jury instruction No. 1 requested by defendants. From that action defendants appeal.

In view of the state of the record on this appeal, we do not think it is necessary to burden this opinion with a review of the evidence. The evidence is sufficiently reviewed for all purposes in the opinion of this court on the former appeal. [See 31 S. W. (2d) 257.]

Defendants contend that the court erred in sustaining plaintiff's motion for a new trial because, by filing its motion for judgment notwithstanding the verdict, plaintiff conceded that the verdict was right, and to escape the consequences of that verdict placed its reliance solely upon some error of record, and having done this, plaintiff waived its right to file a motion for a new trial.

In support of their contention defendants cite a number of cases and argue earnestly that the rule laid down therein, holding that the filing of a motion in arrest of judgment and the overruling thereof waives the right to file thereafter a motion for a new trial, should be applied in the case at bar to plaintiff's motion for judgment *non obstante veredicto*. It is true that in some respects the two motions are similar. For example, both are directed only to material defects in the record. However, there are also important distinctions. The party filing a motion for judgment notwithstanding the verdict asks the court to do something more than merely to arrest the judgment. Such a motion requests the court to go farther and render judgment in plaintiff's favor notwithstanding the verdict which has been found against him. A party filing a motion in arrest of judgment does not ask the court for a judgment in his favor, but only asks that the judgment be arrested, and alleges that the party in whose favor the verdict was rendered is not entitled to the judgment of the court because of some insufficiency in the record proper. The motion for judgment notwithstanding the verdict is available only to the plaintiff in the case, whereas, the remedy for a defendant, who desires to challenge the sufficiency of the record proper to support a verdict, is by way of motion in arrest of judgment. Both motions "must always be grounded upon something apparent on the face of the pleadings." [King v. Grocer Co., 188 Mo. App. 235, 175 S. W. 77.] Neither of the two motions mentioned can be used to challenge errors with respect to such matters as the admission or rejection of evidence, the giving or refusing of instructions, or other rulings of the court at or connected with the trial which are matters of exception and which must be brought to the attention of the trial court in a motion for a new trial.

Defendants argue that the motion in arrest of judgment serves the same purpose as a motion for judgment notwithstanding the verdict, and that the only difference in the motions is that one is available to plaintiff only, whereas, the other is available to defendant. From this basis defendants urged that since it has been held in this State that the prior filing and overruling of a motion in arrest of judgment constitutes a waiver of a right to file a motion for a new trial, it necessarily follows that the prior filing and overruling of a motion for judgment notwithstanding the verdict also waives the right of the plaintiff to obtain a new trial. We are unable to agree with this contention. The cases cited by defendants deal solely with motions in arrest of judgment and are not concerned with motions for judgment notwithstanding the verdict. We are unable to find any case in this State holding that the filing and overruling of a motion for judgment notwithstanding the verdict constitutes a waiver of the right to file,

within due time, a motion for a new trial. The general rule with respect to this precise question is laid down in 46 C. J. 66, as follows:

"A motion for new trial may follow a motion for judgment *non obstante veredicto* if the former is filed within proper time."

A number of cases are cited to support the above mentioned rule and no cases are cited holding to the contrary.

On this question the Supreme Court of Oregon has said:

"Upon the argument it was urged with much force that the defendants' motion for judgment, notwithstanding the verdict, and for a new trial, were inconsistent with each other; that the former motion necessarily assumed and conceded that the verdict was right, but that the complaint was insufficient. No case precisely in point was cited to support this contention, but we were referred to certain principles of common-law practice, which were claimed to apply by analogy. But I do not think the objection can be sustained. If the rule of the common law were as contended for by counsel, it referred to a mere matter of form and not of substance, which is entirely inapplicable to our system of practice under the Code." [Fisk v. Henarie, 15 Oregon, 89, 97.]

The general rule announced in 46 C. J. 66, as set forth above, is supported by the following cases: Hall Oil Company v. Barquin, 33 Wyo. 92, 117; Rodriquez v. Merriman, 133 Ill. App. 372; Goedecke v. People, 125 Ill. App. 645; Linker v. Union Pac. R. Co., 87 Kansas, 186.

Under our code a party is given four days within which to file a motion for a new trial. This is a valuable privilege given to parties by the law and should not be restricted, interfered with, or held to be waived except upon clear authority. The period of time thus given enables a party to examine all the proceedings, and to point out in the motion for a new trial the errors which such party claims were committed in the procedure connected with or during the trial, thus giving the trial court an opportunity to correct such errors, if any, by granting a new trial and thereby expediting the administration of justice and saving unnecessary delay and costs in reaching a final judgment in the case.

The motion for judgment notwithstanding the verdict being directed solely to the legal sufficiency of the record proper to support the verdict, and having nothing to do with alleged procedural errors, the questions raised thereby can be decided by the court without resorting to anything but the record proper. The very nature of such a motion, if it is to serve any useful purpose, requires that it be filed immediately after the verdict of the jury is returned and before the judgment thereon is entered by the court. [See Blodgett v. Koenig, 314 Mo. 262, 272, 284 S. W. 505.] To hold that the filing and overruling of such a motion constitutes the kind of waiver contended for

by defendants, would ultimately destroy the motion, for no plaintiff would file it in any case where there was the slightest doubt as to the court's favorable action thereon, if he knew that he was thereby risking a waiver of the privilege of moving for a new trial.

The motion for judgment notwithstanding the verdict and the motion for a new trial, when properly presented, are directed to different purposes, and there is no inconsistency in filing the first named, and when it is overruled, filing the other.

We are unable to see any sound reason for adopting the restrictive rule contended for by defendants herein, and in the absence of a specific ruling by our Supreme Court on this question requiring us to do so, we are unwilling to hold that the filing of plaintiff's motion for judgment notwithstanding the verdict, and the overruling thereof waived plaintiff's right to file its motion for a new trial. We hold that there was no such waiver herein, and the motion for a new trial having been filed within the time allowed by law, was properly before the court for its consideration.

Although the cause has been tried twice, the record herein is such that we see no escape from affirming the trial court's action in ordering another trial. We believe, however, it is more important that we devote our attention to a fundamental aspect of the case, namely, the court's action with respect to the counterclaim, than to discuss the alleged erroneous instruction upon which the court below, after the second trial, granted another new trial.

It will be recalled that in the first trial there was a verdict in favor of defendants and against plaintiff on plaintiff's cause of action, and that the court gave a peremptory instruction directing the jury to find in favor of plaintiff and against defendants on defendants' counterclaim. A careful inspection of the official transcript of the record filed in this court on the first appeal shows that said appeal was taken by defendants, not from any purported final judgment following the overruling of their motion for a new trial, but from the court's action in sustaining plaintiff's motion for a new trial, "upon the ground that the finding of the jury against plaintiff on the note sued on is contrary to the instruction of the court and against the weight of the evidence."

After the first trial the motion of defendants for a new trial was confined solely to asking the court to set aside the verdict of the jury in favor of plaintiff and against defendants on defendants' counterclaim, and to grant defendants a new trial on said counterclaim. The reason assigned in that motion by defendants was that the court erred in peremptorily directing the jury to find for plaintiff and against defendants on defendants' counterclaim. That motion was overruled by the court, and since no appeal was, or could have been taken by defendants from the order of the court overruling that

motion, it follows that the verdict of the jury in favor of plaintiff and against defendants on said counterclaim disposed of the counterclaim for the time being, and the action of the trial court with respect to the counterclaim was not before this court on the first appeal. This state of the record is shown in this court's opinion, 31 S. W. (2d) 257, 258, where, in the statement of the case the court said:

"The court *sustained plaintiff's motion for a new trial.* on the ground that the verdict was against the weight of the evidence and contrary to the instructions of the court. *From this action the defendants have appealed."* (Italics ours.)

The only action referred to is the action of the trial court *sustaining plaintiff's motion for a new trial,* and the official transcript of the record shows that statement is correct.

In affirming the action of the trial court in sustaining plaintiff's motion for a new trial, this court, in remanding the cause for such new trial, after referring to an inconsistency in the action of the trial court with respect to the giving of instructions to the jury, went on to say:

"It is unnecessary, however, to go into these questions, because, if a new trial is had, they may not arise thereon. The sustaining of the motion for a new trial *opens up the entire controversy,* and these apparent inconsistencies may not reappear."

Defendants earnestly argue that the language of this court which we have italicized above, became the law of the case and required, "the entire controversy" to be opened up, and that the court's action at the second trial in permitting defendants to present the issues raised by their counterclaim was in accordance with the direction of this court. It is true the language used by the court was unnecessarily broad and would seem at first blush to be open to the construction urged by defendants, but we are unable to agree with their contention in view of the whole record before us. The record clearly shows, as we have pointed out, that defendants' motion for a new trial, after the first trial, was confined solely and specifically to a request that the court set aside the directed verdict against defendants on their counterclaim, and for a new trial on the counterclaim. The motion was overruled by the court and the record shows that defendants did not, and of course could not appeal from the action of the court in overruling it, but appealed only from the action of the trial court in sustaining plaintiff's motion for a new trial. It is clear, therefore, that the action of the trial court in overruling defendants' motion for a new trial on their counterclaim was not before this court on the first appeal, and the language of this court in remanding the cause must be taken as having reference to the only "controversy" which was then before this court. The "controversy" referred to in the opinion was the correctness, or incorrectness of the trial court's action

in sustaining plaintiff's motion for a new trial, and not the correctness, or incorrectness of that court's action in overruling defendants' motion for a new trial on their counterclaim.

Furthermore, a reference to the mandate of this court following the decision on the former appeal shows that the affirmance was based upon and confined to the trial court's action in "sustaining plaintiff's motion for a new trial," thus showing that said action was the only matter before this court at that time.

The action of the trial court in overruling defendants' motion for a new trial on their counterclaim has never been set aside. The action of that court in that respect, therefore, stands undisturbed. In this situation we have before us a record with a verdict in favor of plaintiff and against defendants on their counterclaim, which we must treat as held in abeyance awaiting a final disposition in the trial court of the whole case, after which it will be the duty of that court to enter judgment thereon in accordance with said verdict, and in accordance with such verdict as may be rendered on plaintiff's cause of action so that there may be only one final judgment in the cause. Our Supreme Court has said:

"This court has frequently and consistently ruled, not only that there can be only one final judgment in a case (Russell v. Railroad, 154 Mo. 428, 55 S. W. 454; Seay v. Sanders, 88 Mo. App. 478), which must dispose of all the issues and all the parties, but also that such final judgment cannot properly be, and in legal contemplation never is, rendered or entered until after the motion for new trial or in arrest of judgment is acted on or the time for filing same expired; and, if a new trial is granted, not till the new trial is had or the case finally disposed of. . . . If a judgment final in form is entered without awaiting the filing or disposal of the motion for new trial or in arrest of judgment, such judgment is in fact merely interlocutory, from which no appeal will lie. [Costello v. Kansas City, 209 Mo. App. 155, 232 S. W. 165.]" [Cox v. Frank L. Schaab Stove & Furniture Co. (Mo.), 58 S. W. (2d) 700, 701.]

In the case at bar, although defendants did not, and could not appeal from the order of the court overruling their motion for a new trial on their counterclaim, they have not lost the right to appeal therefrom in view of the language of section 1018, Revised Statutes of Missouri, 1929 (Mo. St. Ann., sec. 1018, pp. 1286, 1287), wherein it is provided as follows:

"But a failure to appeal from any action or decision of the court before final judgment shall not prejudice the right of the party so failing to have the action of the trial court reviewed on an appeal taken from the final judgment in the case."

In construing the above section, our Supreme Court has held that a party has a right to await, without prejudice, a final judgment dis-

posing of the entire case and then appeal from an adverse ruling of the court. [Cox v. Frank L. Schaab Stove & Furniture Co. (Mo.), 58 S. W. (2d) 700.]

It is clear that there cannot be two verdicts for opposite parties on the same counterclaim in the same cause, and since the verdict in the first trial for plaintiff and against defendants on the counterclaim was never set aside, it is obvious that the verdict for defendants on the counterclaim in the second trial cannot stand.

We are of the opinion that the trial court's action, in the second trial, overruling plaintiff's objection to the introduction of evidence by defendants in support of their counterclaim, constituted reversible error. This error was specifically brought to the attention of the trial court in plaintiff's motion for a new trial, and is, therefore, properly before us for our consideration. [Graefe v. Transit Co., 224 Mo. 232, 250, 123 S. W. 835; Barr v. Hays, 172 Mo. App. 591, 598, 155 S. W. 1095.]

We deem it unnecessary to discuss other alleged errors for the reason that the error noted is amply sufficient to warrant the trial court's action in granting a new trial.

We regret the necessity which compels another trial of this cause, but we must take the record as it comes to us. We are not authorized to amend or disregard the record which the parties themselves have made.

The trial court's action, following the second trial, in setting aside the verdict for defendants on the counterclaim, and in setting aside the verdict in favor of defendants on plaintiff's cause of action, and granting plaintiff a new trial, is affirmed and the cause is remanded, to be tried on plaintiff's petition and defendants' amended answer thereto. In the meantime the entry of judgment on the verdict in favor of plaintiff and against defendants on defendants' counterclaim, rendered in the first trial, should be held in abeyance until the final disposition by the trial court of plaintiff's cause of action, as herein directed, whereupon, judgment on said verdict, rendered in the first trial, should be entered in accordance therewith, together with such judgment as shall be in accordance with the verdict which may hereafter be rendered on plaintiff's cause of action.

*Hostetter, P. J.*, concurs; *Becker, J.*, not sitting.