HENRY DIAMOND, Respondent, v. KANSAS CITY, Appellant.

Kansas City Court of Appeals, July 2, and October 1, 1906.

1. NEGLIGENCE: Contributory Negligence: Prudence: Using Faculties. When a person fails to employ his faculties to become aware of confronting dangers, or knowing thereof, to use reasonable care to avoid it, the law calls his conduct careless, because out of harmony with ordinary prudence and loads it with the entire responsibility of the consequences, notwithstanding the negligence of another may have aided in producing them.

2. MUNICIPAL CORPORATIONS: Defective Sidewalk: Use of: Contributory Negligence. Though one knows of defects making the streets more dangerous, yet that fact does not compel him to avoid that way, if he acts within the bounds of reasonable care, except where the danger is so glaring and threatening that reasonable prudence would say the way could not be used in safety. Where defects are not necessarily dangerous due care requires nothing more than the adoption of natural and ordinary prudence.

3. ———: ———: ———: ———: Evidence. On the evidence it is found that the sidewalk in question was not necessarily a menace to safety, particularly where one knew thereof and that the action of the plaintiff in using the walk without hold-

ing the handrail or feeling his way, under the conditions and circumstances that made the known defects a menace to his safety as well as his failure to take measures to avoid the danger, was negligence and stands forth undisputably as the producing cause of his injury.

Appeal from Jackson Circuit Court.—*Hon. Henry L. McCune,* Judge.

REVERSED.

*Edwin C. Meservey* and *Francis M. Hayward* for appellant.

(1)   The court erred in not sustaining the demurrer of the defendant to the evidence.   Wheat v. St. Louis, 179 Mo. 572; Erie v. Magill, 101 Pa. St. 616; Parkhill v. Brighton, 61 Ia. 103-108; Wilson v. Worcester, 8 Allen 137-138; Church v. Howard, 111 Mich. 298; Quincy v. Barker, 81 Ill. 300; Tuffree v. State Center, 57 Ia. 538; Benton v. Philadelphia, 198 Pa. St. 396; Dale v. Webster Co., 76 Ia. 370; Cloney v. Kalamazoo, 4 Mun. Corp. 640; Tasker v. Farmingdale, 91 Me. 521; Gilman v. Deerfield, 15 Gray 577; Cowie v. Seattle, 4 Mun. Corp. 417.

*Walsh & Morrison* for respondent.

(1)   Plaintiff was not guilty of contributory negligence.   Deland v. Cameron, 112 Mo. App. 704; Fischer v. St. Louis, 189 Mo. 567; Graney v. St. Louis, 141 Mo. 180; Beauvais v. St. Louis, 169 Mo. 500; Chilton v. St. Joseph, 143 Mo. 192; Bradley v. Spickardsville, 90 Mo. App. 416; Culverson v. Maryville, 67 Mo. App. 341; Smith v. Butler, 48 Mo. App. 666.

JOHNSON, J.—Action for damages resulting from personal injuries alleged to have been caused by a negligent defect in a public sidewalk.   A verdict was returned in favor of plaintiff in the sum of $5.000.   He re-

mitted $500 and judgment was entered for $4,500, from which defendant appealed.

The injury was inflicted March 24, 1903, at about midnight on Allen avenue between Eighteenth and Nineteenth streets in Kansas City. This street ascends from the west bottoms to the top of the bluff in a northerly direction. At the time mentioned, the roadway for vehicles was unimproved, rough and muddy. Immediately west of this roadway and running parallel to it, the city maintained a board sidewalk. Owing to the sharp declivity of the hillside, the sidewalk was a causeway, the west side of which was four or five feet above the ground. It was about five feet wide and had been provided on each side with a handrail, but plaintiff stated that at the place where he fell there was no rail on the east side. The floor of the structure consisted of planks six or eight inches wide laid across and nailed to stringers running with the course of the sidewalk. At several places a plank had become detached and removed and it was in one of the openings thus made in the floor that plaintiff stepped and fell.

Defendant contends that its instruction in the nature of a demurrer to the evidence should have been given on the ground that plaintiff was, in law, guilty of contributory negligence.

Plaintiff lived on the top of the hill and worked as a switchman in the railroad yards in the bottoms. In going to and from his work he traveled this sidewalk twice a day. He worked at night and generally carried his switchman's lantern with him. He knew of the defective condition of the sidewalk, that two or three planks were missing in the space of several hundred feet and that part of one of the handrails was gone, but did not remember the exact location of the particular opening into which he fell. He went to work in the evening of the day of his injury, but, after arriving at the yards, permitted another switchman just employed by the com-

pany to take his place for that night and loaned him his lantern. In returning home, Allen avenue offered the only direct way. Had plaintiff chosen to return by the next street, either to the north or south, he would have had to make a detour of five or six blocks. The night was dark, the street lamp was out and as plaintiff proceeded toward the place of disaster his vision was further obscured by the presence of enveloping smoke that ascended from the bottoms. He states he was proceeding in an ordinary walk such as he employed in the daytime, and was mindful of the holes in the sidewalk, but, being unable to see them, stepped into one of them and fell. The hole had been there for a month or more, and had been observed by plaintiff that evening when he went to his work.

A person walking on a sidewalk, provided by the city for the use of pedestrians is where, by implication, he is invited to be and the city owes him the duty of exercising reasonable care to maintain the same in a reasonably safe condition for travel. He is not, however, justified in relying altogether on the presumption that the city has performed its duty. Ordinarily prudent persons make reasonable use of their senses at all times to guard their own safety and the degree of care exercised is measured by the exigencies of the particular situation. What reasonably prudent persons would or would not do in the given case, while observing due care, furnishes the standard by which the law classifies individual conduct; and, when a person fails, either to reasonably employ his faculties to become aware of confronting danger, or, knowing of its presence, to use reasonable care to avoid falling into it, the law calls his conduct careless because it is out of harmony with ordinary prudence and loads it with the entire responsibility for the consequences notwithstanding the negligence of another may have aided in producing them.

But people are compelled by their affairs to use the

public thoroughfares and the mere fact that a person has knowledge of defects, which are suffered to remain in a street kept open for use and that such defects make the use of the street more dangerous, does not of itself compel him to avoid that way if he would act within the bounds of reasonable care except where the danger is so glaring and threatening that reasonable prudence would say the way could not be used in safety. In the latter case, the use of the street in the face of such knowledge would be deemed in law an act of negligence. But where the known defects are not necessarily dangerous, due care requires nothing more than the adoption of such means to avoid injury from them as the situation and circumstances naturally would suggest to the ordinarily prudent mind.

The facts before us do not warrant the inference that the few openings in the sidewalk in all events necessarily menaced the safety of a pedestrian, particularly that of one who knew of their presence. Except when surrounded by utter darkness, plaintiff by giving ordinary attention to his course easily could have avoided stepping into any of them. But being plunged into what he pictures to be complete darkness, and knowing that the holes were there, his conduct in proceeding at the gait and in the manner he walked in the daytime appears to be palpably negligent. He neither attempted by using the one good handrail to provide himself with the means of recovering his balance should he make a misstep, nor did he feel his way with his feet and thus make sure of the safety of his footing before placing his weight on the advancing foot as people usually do who are compelled to grope in darkness. It is true, contributory negligence is an affirmative defense, but plaintiff's own statement of what he did shows that he made not the slightest effort to avoid the dangers, which, from the fact of darkness, were threatening in the highest degree. And there is nothing in the record from which the in-

ference may be drawn that he acted with reasonable care. He trusted entirely to chance to escape and, assuming that the distance of each of his steps was approximately thirty inches and that he had to pass over three transverse openings in the sidewalk, he had no more than an even chance of missing a fall. Thus the danger under all the circumstances in the situation was such that it certainly menaced his safety and, as he utterly failed to take any measures to avoid it, his own negligence stands forth indisputably as the producing cause of his injury and precludes a recovery. The judgment is reversed. All concur.