Deck v. Wright.

DECK, Respondent, v. WRIGHT et al., Appellants.

St. Louis Court of Appeals, submitted on brief January 12, 1909, opinion filed February 9, 1909.

JUDGMENTS: Final Judgment: Several Defendants: Assignment. Under section 766, Revised Statutes 1899, a judgment is not final until the rights of all the parties to the action are finally determined. Where, in an action against three parties, judgment was rendered against two of them and not dismissed but continued as to the third, it was not a final judgment which could be assigned so as to entitle the assignee to maintain suit upon it.

Appeal from Stoddard Circuit Court.—*Hon. J. L. Fort,* Judge.

REVERSED.

*Wammack & Welborn & Farris* for appellants.

A judgment on which suit can be maintained must be final within the technical meaning of the term. Dow v. Blake, 39 Am. St. 161; Feeney v. Hinkley, 86 Am. St. 293; 23 Cyc. 1503. A judgment is not final

which does not make some disposition of all the parties to the record. Implement Co. v. Marr, 168 Mo. 257; Baker v. St. Louis, 189 Mo. 378; Holborn v. Naughton, 60 Mo. App. 100; Webb v. Kansas City, 85 Mo. App. 148; McCord v. McCord, 77 Mo. 166.

*K. C. Spence* for respondent.

The judgment upon which this suit is founded and which was rendered in the justice court of C. W. Edwards, justice of the peace, upon a joint and several note was final as to T. J. Wright and Frank Wright, defendants in this suit. R. S. 1899, sec. 766; Heagney v. Hopkins, 52 N. Y. Supp. 207, 211; State v. Woodson, 128 Mo. 497.

REYNOLDS, P. J.—This action was begun by attachment before a justice of the peace of Stoddard county. The only statement filed before the justice was an affidavit of respondent to the effect that he has a just demand against T. J. Wright and F. H. Wright, the appellants here, amounting to $63.63 principal and five years' interest, $50.88, together with $23.90 costs— a total of $138.38; that respondent was the purchaser and assignee of a certain judgment rendered in a justice's court in favor of one Dublin, on April 13, 1900; that respondent "is suing out this writ of attachment as assignee" upon said judgment, and the judgment as shown by the docket record of the justice is set out in the affidavit in full, by which judgment, as so set out, it appears that appellants and one E. O. Braley were summoned to appear before the justice on February 24, 1900, to answer a demand on a note for $60 and $3.60 interest, the note being made by appellants and Braley; that summons was served on the appellants, but returned "not found" as to Braley. The judgment then proceeds: "Parties enter into trial before the justice and after hearing the testimony and argument it is

adjudged by me that the *defendant* (plaintiff) have judgment against T. J. Wright and F. H. Wright for $63.63 with eight per cent interest from date of judgment until paid and all costs of this suit *and continued as to E. O. Braley."* Following the judgment, as set out in the affidavit, is the notation "For value received I have this day assigned the above judgment to W. M. R. Deck. In testimony whereof witness my hand this

13th day of April, A. D. 1900.    J. R. DUBLIN.    <sub>His</sub> X."
                                                    <sub>Mark</sub>

The affidavit then continues, after averring that the judgment is now due, that affiant (respondent here) has good reason to believe that the defendants (appellants here) have or are about to do various acts that subject them to proceeding by attachment.

This affidavit, as substantially set out above, was the only statement filed with the justice.

A writ of attachment was issued by the justice, which in usual form summoned the appellants (defendants below) to appear before the justice "to answer the action of the plaintiff," and the return of the constable shows personal service on the defendants but no levy or attachment upon any property, although the return does state that the constable summoned certain parties as garnishees.

It appears that judgment was rendered in favor of appellants here before the justice whereupon plaintiff (respondent here) appealed to the circuit court, where, upon a trial before the court on the attachment and on the merits, both being tried together by the court by agreement of parties, judgment went for respondent (the plaintiff)—the finding being in his favor on the plea in abatement of the attachment and also on the merits—judgment going in favor of plaintiff for $92.93. From this defendants below have appealed.

As the learned and very frank counsel for respondent says in his brief on file that he "is ready to admit

if this cause of action is to be treated strictly as an attachment suit, then this cause should be reversed and remanded," it is not necessary to take any further notice of that branch of the case.  We also agree with counsel as to the attachment, for the reason that a reading of the testimony in the case fails to sustain the claims on which the attachment must rest, and we are of opinion that the court erred in finding that issue for the respondent.

We think, however, that the affidavit for attachment filed with the justice embraced a substantial statement of a demand against defendants below—that demand being clearly set out as founded on what is claimed to be a judgment and being for the amount of it and for accrued interest and costs.

We further think that the defendants, by their appearance before the justice waived any right to challenge the jurisdiction of the justice over them.

The real and substantial point, however, on which this case must turn is on the force of the judgment of the justice. That judgment and its assignment to plaintiff is the very foundation of this action.  As has been shown by the foregoing statement, it is a judgment against two of the parties defendant, in a suit against them and a third party—the third party not served with summons.  The cause was not dismissed as to him, but, as appears in the judgment itself, was continued as to him.  This was not a judgment which finally determined the rights of the parties to the action.  Therefore as it was not a final judgment in the cause within the statute (R. S. 1899, sec. 766), no action can be maintained on it.  [23 Cyc., p. 1503, sec. 2; 2 Black on Judgments (2 Ed.), sec. 959; Caulfield et al. v. Fairsh et al., 24 Mo. App. 110 l. c. 112; Rock Island Imp. Co. v. Marr, 168 Mo. 252 l. c. 256 and 257, and cases there cited; Baker v. City of St. Louis et al., 189 Mo. 375 l. c. 378; Dow v. Blake, 148 Ill. 76; s. c., 39 Am. St. Rep. l. c. 161; Feeney v. Hinckley, 134 Cal. 467; s. c.,

86 Am. St. Rep. l. c. 293.] It is true that a judgment may be given for or against one or more of several defendants (R. S. 1899, sec. 767), but there must be a judgment disposing of all the parties to the cause. In this case before the justice, the action was "continued as to E. O. Braley."

While some courts of other States hold that there can be no action on a judgment of a justice of the peace as they are not "debts of record" (23 Cyc., p. 1504, sec. *a*), our Supreme Court and this court have sustained actions on them, when regular and final. [Wood v. Newberry, 40 Mo. 322; Monks v. Strange, 25 Mo. App. 12 l. c. 17.]

It is distinctly enacted by our statutes that where there are several defendants, some of them served with process in time, and others not served at all, or not served in time, the plaintiff may direct the justice either to discontinue as to all not served, or not served in due time, and proceed against those that are bound to appear; or he may continue the suit until another day, and take new process against those that are not served, or not served in time. If neither the plaintiff nor any person for him shall be present to direct, nor shall have directed the course to be pursued, the justice shall continue the cause, and issue new process for those not served when it is necessary. [R. S. 1899, secs. 3933, 3934, 3935.] Under these statutory provisions, it was within the power of the assignor of respondent and within the power, as also the duty, of the justice to have finally disposed of the case as to Braley, either by bringing him in by new process or dismissing as to him. Neither course was pursued and without that no final judgment was rendered in the cause. The judgment sued on in this case not being a final judgment, it could not be assigned. In any view that may be taken of the judgment of the justice of the peace on which this action rested, it was an irregular, if not an absolutely void judgment.

As respondent's sole right of action in the justice's court as well as in the circuit court, in this present action, depends on the validity of the judgment of the justice and as that is not a final judgment under our law, he cannot recover on it.

The judgment of the circuit court is reversed. All concur.