NELLIE KELLY, by JOHN H. KELLY, Next Friend, Respondent, v. MICHAEL WALSH, Appellant.

Kansas City Court of Appeals, February 2, 1914.

NEGLIGENCE: Dmages: Personal Injuries: Contributory Negligence: Jury Question. Defendant had dug an open sewer ditch along a street. At one point he had left a crossing or causeway of dirt by not digging out, but tunnelling under, the same. This causeway was seven feet wide, and the ends of the ditch on each side were not protected by barriers or lights as required by ordinance. The dirt from the ditch on each side was thrown back from the sides of the causeway, thereby giving it, in the night, the appearance of being wider than it was. Plaintiff had not seen the crossing before. Between 8:30 and 9 o'clock at night she started with a companion to walk across the causeway. She looked at the crossing and saw a smooth pathway and started to cross looking straight ahead, thinking she was in the middle, or near the middle of the causeway. She was, in fact however, near one side, and, stepping too near the edge, some of the dirt crumbled off and precipitated her into the dich. *Held*, that under the circumstances she could not be deemed guilty of contributory negligence as matter of law.

Appeal from Jackson Circuit Court.—*Hon. Jas. E. Goodrich*, Judge.

AFFIRMED.

*Lathrop, Morrow, Fox & Moore* for appellant.

The plaintiff was guilty of such contributory negligence as to bar her recovery. Diamond v. K. C., 120 Mo. App. 185; Knight v. K. C., 138 Mo. App. 153, 158; Border v. Sedalia, 161 Mo. App. 633, 639; Ray v. City, 70 Mo. App. 258; Coffey v. City, 186 Mo. 585; Wheat v. City, 179 Mo. 581; Rion v. City, 233 Mo. 471; Kaiser v. City, 185 Mo. 366.

*Beardsley, Schaich & Beardsley* for respondent.

TRIMBLE, J.—In constructing a sewer ditch along Euclid avenue in Kansas City, the defendant piled the dirt alongside the ditch at all points except at a spot opposite the driveway coming out of Mr. Carlson's yard on the east side of the street. Here defendant did not cut the trench from the surface of the ground to the bottom of the ditch, but left a causeway over the ditch by leaving the surface undisturbed and tunnelling under the surface for a distance of seven feet, so that Mr. Carlson could drive out of his yard and across the ditch over this causeway. The piles or ridges of dirt thrown from the ditch on each side of the causeway did not extend up to the east and west sides of the causeway as did the open ditch, but the dirt was thrown back from said sides, so that in judging the width of the causeway by the distance between the piles or ends of the ridges of dirt on each side, the causeway would appear to be about fifteen feet wide instead of seven. The ditch was very deep. So deep that the workmen were lowered into and taken out of it by means of a windlass. The ends of the ditch up to the sides of the crossing or causeway were left open and unprotected by barriers or guarded by lights.

Between half past eight and nine o'clock at night on the 21st of August, 1910, when it was "misting rain," plaintiff, a young girl sixteen years of age, started with a companion, another young girl, to walk leisurely over this causeway in order to go to the other side of the street. Plaintiff was walking west and was on the north side of her companion. She thought the causeway was wider than it really was because of the distance between the piles of dirt on either side. She thought she was in the middle of the causeway, or much nearer the center of the causeway than she was. In passing over, her foot stepped so near the north side of the causeway and so close to the end of the ditch on that side that the portion of the dirt on which her foot rested crumbled off and fell into the ditch and

plaintiff was thereby precipitated into the ditch and received injuries for which she brought this suit. The negligence alleged was the failure to place and maintain barriers and lights as required by ordinance when making an excavation in a street.

The main defense was that it was plaintiff's own lack of ordinary care that caused the injury. There was a further contention that plaintiff did not fall but jumped into the ditch in a playful attempt to hide. The jury, however, found by its verdict that plaintiff did not jump into the ditch, and we must accept the verdict in that regard as there was substantial testimony to support its finding on that point. There is still another contention that the city ordinances relied upon did not cover nor apply to the ditch and place in question, but we are of opinion that they did.

The case, therefore, hinges on the question of whether or not plaintiff was guilty of such contributory negligence that we can, as matter of law, declare her barred from recovery.

It is true plaintiff knew of the ditch for they had been digging it for two weeks prior to the accident, at least that part of it on Euclid avenue between Forty-first and Forty-second streets. But she was not acquainted with the causeway because it was seventy yards south of the crossing at Forty-first street, and it was over this latter crossing that plaintiff went to her work in the city of a morning and returned in the evening. She had never crossed on this causeway or had occasion to see or examine it before. Defendant's charge of contributory negligence is based upon the claim that plaintiff attempted to go over the causeway without looking where she was going or taking any precaution for her own safety. In other words, the claim is that she was not exercising ordinary care for her own safety, and that this is so plainly and clearly shown by the evidence as to justify us in declaring, as matter of law, that she was not.

The evidence is that she did look when she started to cross; that the dirt piled alongside the ditch on each side of the causeway was thrown back from the sides thereof so far as to give it, the causeway, the appearance of being much wider than it really was; that the light from a lamp post just opposite the west end of the causeway and across the street, in front of her as she walked, added to this appearance and helped to keep her from perceiving the true situation by shining in her eyes. We do not understand plaintiff to mean by her testimony that she was so blinded by this light as to be unable to see, but only that the light, being where it was, did not plainly reveal the situation but joined with the other surrounding circumstances in leading her to think the causeway was wider than it was. It is true the evidence is that she looked straight ahead of her, but this was after she had looked at the crossing and had satisfied herself from the look which she gave that the causeway was a safe path, and thought she was in the center or very near the center of the causeway. And the fact is that she did not carelessly and heedlessly step from the causeway into the ditch, but was walking on the surface of the causeway and apparently on solid ground when a portion thereof gave way throwing her into the ditch. If a barrier had been there, the chances are that even if she had walked so close to the edge and the dirt had crumbled with her, the barrier would have prevented her falling into the ditch. When the plaintiff looked at the causeway and used care enough to see that she had an apparently safe path upon which to upon which to proceed, and then started upon that pathway looking in front of her, the fact that she did not keep her eyes glued to the ground and inspect every spot her foot trod upon, will not make her guilty of contributory negligence as matter of law, especially as the spot where she did step was on the causeway and was ap-

177 Mo. App. 21

parently solid ground and would have supported her had it not crumbled off into the ditch. At most her alleged contributory negligence was a question for the jury.

In the case of Diamond v. Kansas City, 120 Mo. App. 185, plaintiff knew of the defects and dangers *in the very path of his walk*. It was dark, so that of necessity any care for his personal safety would require him to "feel his way" and not plunge ahead at his ordinary gait knowing of the holes and being unable to see them. But that is not the situation here. Plaintiff had never crossed this causeway before, and while she knew there was a ditch on either side, yet she used enough care to discover an apparently safe path and was proceeding to use it when what seemed to be the solid earth crumbled beneath her and threw her into the ditch.

In Border v. Sedalia, 161 Mo. App. 633, the plaintiff was thoroughly familiar with the hole or ditch. He had jumped over it before. He could not possibly hope to escape falling into it if he could not see it and walked in his usual gait and manner, and if it was light enough to see it he would not have fallen into it if he had exercised any care. So that if he had used his senses at all, he would not have run into the ditch. But, in the case at bar, plaintiff did use her senses and was led to believe she was on solid ground and on a causeway wider than it really was. She was not compelled to look at every spot she stepped upon or to "feel her way" unless the danger was so great and so apparent as to lead an ordinarily prudent person to think such care was required by, or commensurate with, the danger. [Combs v. Kirksville, 134 Mo. App. 645.] Unless we could say that no one who used reasonable care could be misled as to the width of the causeway or the solidity of the surface, we cannot hold plaintiff guilty of contributory negligence. As this cannot be said, the question remains one for the jury.

Complaint is made that the verdict of $500 is excessive. We have carefully gone over the evidence as to plaintiff's injuries, her sprained ankle, her lame back, the pain she suffered and the four different plaster of Paris casts or splints she had to have on her foot, and the strain to some of the other ligaments of the body, and in the light of all such evidence a verdict of $500 is not excessive. The judgment is therefore affirmed. All concur.