## STATE ex rel. G. E. WAGGONER, Respondent, v. ADOLPH LICHTMAN et al., Appellants.

St. Louis Court of Appeals. Submitted on Briefs June 3, 1914. Opinion Filed June 20, 1914.

1. **APPELLATE PRACTICE: Abstract of Record: Sufficiency.** An abstract of the record which sets out the motions for a new trial and in arrest of. judgment in the abstract of the record proper, and in the abstract of the bill of exceptions shows the fact that these motions were filed and duly preserved in the bill of exceptions, but refers to the abstract of the record proper for the motions themselves, instead of setting them out in the abstract of the bill of exceptions, does not strictly conform to . the .settled rule of practice; but it is *held* that the informality will be overlooked in this case.

2. **ARREST OF JUDGMENT: Time of Filing Motion.** A motion in arrest of judgment, not filed within four days after trial, as required by Sec. 2025, R. S. 1909, cannot be considered.

3. **ATTACHMENT: Action on Bond: Right to Recover Damages.** The right to recover damages on an attachment bond for damages for the attachment depends on plaintiff's ownership of the goods attached, and not merely on his right of possession.

4. ———: ———: **Nature of Action.** An action for damages ‚on an attachment bond is *ex contractu,* notwithstanding it requires the commission of a tort to constitute a breach.

5. ———: ———: **Right to Set-Off: Exemptions.** In an action for damages on an attachment bond, defendants may set-off whatever amount is due him from plaintiff, irrespective of any question of exemptions.

6. **EXEMPTIONS: Nature of Right.** Exemptions play no part in any case, so far as concerns one's right to judgment, and are of importance only where it is sought to enforce a judgment.

184 Mo. App.—15

State. ex rel. v. Lichtman.

Appeal from Pemiscot Circuit Court.—*Hon. Henry C. Riley,* Judge.

REVERSED AND REMANDED.

*Duncan & Bragg* for appellant.

The court erred in giving instruction number two for and on behalf of the relator, over the objection and exception of appellants at the time. This instruction simply told the jury that Leichtman, Goodman & Company could not recover from Waggoner on their counterclaim unless the same was in excess of the amount of his exemptions. Conceding that relator should recover in this case, which is done only for argument's sake, appellant in that event would have the right to set off whatever amount was due them from relator. State ex rel. v. Fidelity & Guaranty Co., 135 Mo. App. 160; Caldwell v. Ryan, 210 Mo. 17.

*S. H. McCarty* and *Ward & Collins* for respondents.

Appellant, under this division, complains of instruction number 2. Said instruction permitted the plaintiff to hold whatever judgment he was entitled to here, as exempt, in case the jury found such property was exempt under the exemption law. That is clearly the law in this State, in an action of this sort. State ex rel. v. Hudson, 86 Mo. App. 501; Waggoner v. Furn. Co., 63 Mo. App. 206; Bowen v. City, 95 Mo App. 1; Lewis v. Gill, 76 Mo. App. 504.

REYNOLDS, P. J.—This is the third appearance of this case in the appellate courts, all being appeals by defendants from a judgment in favor of plaintiff, more properly relator. The first appeal being prosecuted to our court, the judgment was reversed and

the cause remanded. [See State ex rel. Waggoner, Respondent, v. Lichtman-Goodman & Company et al., 131 Mo. App. 65, 109 S. W. 819.] It was again tried, and again resulting in a judgment in favor of relator, was appealed to our court. We transferred it to the Springfield Court of Appeals under what was supposed to be the law authorizing transfers. The Springfield Court of Appeals affirmed the judgment for a defect in the abstract, it not appearing that the bill of exceptions called for or contained motions for new trial or in arrest. [See State ex rel. Waggoner, Respondent, v. Leichtman et al., 146 Mo. App. 295, 130 S. W. 94.] It came back to our court under the decisions of the Supreme Court holding the act authorizing transfer invalid. After the case reached our court again, the abstract was amended by leave of court so that it now shows the fact of the filing of the motions for new trial and in arrest and that these motions are duly preserved in the bill of exceptions. It is true that this is done by reference to them as printed in the abstract of the record. While this is not strictly in compliance with the settled rule of practice in our court, we have concluded to overlook this informality. We may add, however, that the motion in arrest cannot be considered, as it was not filed within four days after the trial. [R. S. 1909, sec. 2025.]

The substantial facts in the case are set out in the opinion by Judge GOODE in 131 Mo. App., supra, and we content ourselves by referring to that opinion for them. At this second trial, however, the plaintiff, by reply, set up a claim of exemption to the goods seized, on the ground that he was the head of a family. As before, defendant set up a counterclaim against the claim of plaintiff. The verdict of the jury at the present trial was a general verdict, finding the issues for plaintiff and assessing his damages at $95.05. Judgment followed on this verdict.

Neither the verdict nor the judgment directly dispose of the counterclaim.

At the present trial plaintiff undertook to explain the admission which he had made at the former trial, that before the levying of the attachment here involved he had sold and assigned the goods to a third party. It must be said that the explanation is exceedingly vague and unsatisfactory and seems to turn on the point that while plaintiff had assigned the goods to a third party he had made no delivery of them. But if it was true that he had made a valid assignment but remained in possession of them, then his possession was that of the assignee. The right to recover damages for the attachment of these goods does not, as in replevin and other actions, turn upon the question of mere possession or right of possession but on the very fact of ownership, and so the court correctly instructed the jury.

The counterclaim was in issue and evidence given which practically, without contention, admitted it, but set off against it the statutory exemption.

At the instance of plaintiff the court gave an instruction to the effect that plaintiff is entitled as exempt property to all wearing apparel, not exceeding the value of $100, and also to $300 worth of other property, in addition to a homestead, not exceeding $1500, and that if the jury found the evidence in the case that plaintiff is indebted to defendants on defendants' counterclaim, they should give defendants judgment thereon for only such an amount as exceeds the above exemptions, if any; "and if you find the amount due the defendants is less than the amount plaintiff is entitled to as his exemption, then you will allow defendants nothing on their counterclaim." That instruction was wrong. This is an action for damages on an attachment bond and while it requires the commission of a tort to constitute a breach of the contract, nevertheless it is an action *ex contractu* not *ex delicto,* and

conceding that plaintiff was entitled to recover, our courts have decided that defendants would have a right to set off whatever amount is due them from relator, irrespective of any question of exemption. [Caldwell v. Ryan, 210 Mo. 17, 108 S. W. 533; State ex rel. Hinde v. United States Fidelity & Guaranty Co., 135 Mo. App. 160, 115 S. W. 1081.]

The defendants asked an instruction to the effect that although the jury might find that plaintiff was entitled to his exemptions, defendants are entitled to a judgment for whatever the jury should find to be due defendants after setting off whatever damages the plaintiff is entitled to by reason of the attachment having been sued out against him. On the authority of the causes last above cited, this instruction should have been given.

As the case is to be remanded, it is unnecessary to consider other points made. They may not arise on another trial. We may also add, to prevent misunderstanding, that exemptions play no part in any case, so far as concerns one's right to a judgment. They are only of importance where it is sought to enforce a judgment.

Specifically for the errors above mentioned, the judgment of the circuit court is reversed and the cause remanded. *Nortoni* and *Allen, JJ.,* concur.