JOHN T. COSTELLO, Plaintiff, Appellant, v. CITY OF KANSAS CITY, MISSOURI, Appellant, and WILLIAM B. ROBERTS, Defendant, Respondent.

Kansas City Court of Appeals. May 23, 1921.

1. NEW TRIAL: Joint Tort-feasors: New Trial May be Granted for Error Affecting One of Two Defendants Sued Jointly for Tort, Without Granting New Trial as to Both. Where an abutting property owner, sued jointly with a city, for injury to a pedestrian caused by defective sidewalk, was granted a new trial, it was not necessary to also grant the city a new trial, as the error in the original trial only affected the property owner and not defendants jointly.

2. JUDGMENT: New Trial: Joint Tort-feasors: In a Suit Against Joint Tort-Feasors Plaintiffs Right to Judgment Against One Does Not Depend Upon a Judgment Against the Other, if the Evidence Justifies the One and Does Not Justify the Other. In view of section 8949, Revised Statutes 1919, where city and another defendant, primarily liable, are sued as joint tort-feasors, by injured party, both are adversary parties and judgment for defendant, property owner, is *res adjudicata* as between him and city, and such judgment being binding on all, bars the city's right of action against co-defendant unless reversed on appeal, consequently defendant, City, has right of appeal from judgment against it in favor of co-defendant and the right to move trial court to grant a new trial, or motion to have the judgment set aside, so far as it affects the city's right against its co-defendant, and although plaintiff joined property owner with city as co-defendants, plaintiff's right to judgment against the city does not depend upon a judgment against property owner if evidence justifies the one and does not justify the other.

3. ———: Where One Defendant Contested Liabiity of Co-defendant Throughout Trial, a Judgment in Favor of Co-defendant Was a Final Judgment and Disposed of All Parties to Suit. Defendant city was not deprived of any right to which it was entitled as it was given the right to contest co-defendants liability throughout trial, and judgment finally in favor of property owner and against city was a final judgment and entire in the sense that it disposed of all parties to the suit.

4. NEW TRIAL: Where Error May be Cured by Remittitur it is Not Necessary to Grant a New Trial. Defendant city not entitled to new trial where one was granted to co-defendant, abutting property owner, as city failed to point out any error affecting parties jointly, necessitating granting new trial to both defendants, and the fact that the petition asked for $75 for lost wages, while an instruction allowed a recovery of $300, as shown by the evidence, did not justify a new trial as to both, as the error could have been cured by remittitur of the whole amount of the wages submitted to the jury.

5. JUDGMENT: Interlocutory: Pending Motion for New Trial a Judgment is Not Final. Where a judgment was not final against the city until its motion for new trial was denied, the pendency of said motion effected a continuance of cause from term to term, and there was no error in failing to make a judgment rendered against the city at September term interlocutory at November term, there being no final judgment until the city's motion for new trial was disposed of.

6. NEGLIGENCE: Municipal Corporations: Demurrer: Whether Offset in Sidewalk Sufficient to Constitute Actionable Defect Question for Jury. Whether an offset of two and one-half inches in a public sidewalk by reason of which, a pedestrian is injured, is sufficient to constitute an actionable defect, is a question for the jury and the court did not err in refusing city's instruction in the nature of a demurrer to the evidence.

7. ———: Contributory Negligence: Pedestrian Injured by Offset in Sidewalk Held Not Guilty of Contributory Negligence as a Matter of Law. Where plaintiff used sidewalk twice a day and while walking over same in the pitch dark in the ordinary way, his manner of walking not being different at night from that in the daytime, there being nothing to indicate that he was approaching obstruction or that the rate of speed he was travelling had anything to do with his fall, is injured by an offset of two and one-half inches, where a driveway crossed the sidewalk, it is held, that the same not being glaringly dangerous, plaintiff was not guilty of contributory negligence as a matter of law.

8. ———: Municipal Corporations: Instructions: Property Owner Not Liable to Pedestrian Injured by Offset in sidewalk in Front of Property of Another. Where an offset by reason of which a pedestrian is injured is six inches south of defendant property owner's premises, and was not caused by the driveway into his property which was on the level with the established grade, but was caused by that portion of the sidewalk south in front of the property of another, constructed above the established grade, by contractor who did the work in accordance with the specifications prepared

by city in conformity to the terms of the City Charter, and to whom defendant gave no instructions as to how it should be constructed, defendant property owner is not liable, although he paid contractor for extra work on his properly constructed driveway, and the court did not err in refusing to give instruction requested by city that property owner was liable because he paid contractor for putting down driveway and continued to maintain the same.

Appeal from Circuit Court of Jackson County.—*Hon. Thomas J. Seehorn,* Judge.

AFFIRMED.

*E. M. Harber* and *Francis M. Hayward* for appellant.

*Atwood, Wickersham, Hill & Popham* for appellant, John T. Costello.

*R. B. Middlebrook* for respondent.

BLAND, J.—This is an action for personal injuries.

The facts show that plaintiff was injured during the early morning of October 21, 1917, while traveling along a sidewalk on the west side of Bell Street between 36th and 37th streets in Kansas City, Missouri. The sidewalk was constructed of granitoid and at the point in question had a driveway running from the street into private property. The presence of this driveway on a grade below the sidewalk to the south occasioned an offset of about two and one-half inches starting at the outer edge of the sidewalk and growing less as it approached the property line; at the latter point the offset was a little less than an inch in height. There was no offset on the north side of the driveway. The sidewalk had not become in this condition through any deterioration by lapse of time but was as it was originally constructed in 1902.

Plaintiff, who lived in the vicinity about a block distant, left his home about 4:30 of the morning in question. He was on his way to work and was proceeding south on the sidewalk. It was very dark, the nearest light (a

gas light) was sixty feet away. Plaintiff proceeded in the way he usually walked, not thinking of the obstruction in the street, when he tripped over the offset in the sidewalk south of the driveway. On account of the darkness he was unable to tell the exact place where he tripped but indicated on the photograph that to his best judgment it was near the east side of the sidewalk. He had gone over the same place once a day for fifteen years but had never stopped to investigate it or thought anything of it.

The trial resulted in a verdict being rendered at the September term, 1919, of the circuit court in favor of plaintiff and against both defendant in the sum of $2250. Each defendant filed its separate motion for a new trial, and at the November term, 1919, the court sustained defendant Roberts' said motion "on account of error in instructions," to which plaintiff excepted. Thereupon the court ordered and directed that judgment be rendered against defendant Kansas City to remain interlocutory until the final disposition of the cause as to all parties, to which action defendant city excepted. At the January term, 1920, of the circuit court the cause again coming on for hearing, the parties, both plaintiff and defendants, waived a jury and the cause was submitted to the court. Defendant Kansas City objected to a retrial of the issues between plaintiff and defendant Roberts for the reason that the court had not granted defendant city a new trial. This objection was overruled. Trial was thereupon had as to the issues between plaintiff and Roberts, the city participating therein and offering a declaration of law, which resulted in a judgment in favor of defendant Roberts and declaring that the interlocutory judgment theretofore rendered against defendant Kansas City be final. To this final judgment plaintiff and defendant Kansas City filed their motions for a new trial. These motions were overruled and both defendant city and plaintiff appealed.

The first point made by defendant Kansas City is that the court erred in that after it granted a new trial

to defendant Roberts it failed to grant a new trial to the city, but made the judgment against the city interlocutory at a term subsequent to the rendition of the judgment and then forced the cause to trial over the objection of defendant city while the latter's motion for a new trial was pending and undisposed of, and after giving judgment in favor of Roberts it overruled the original motion of Kansas City for a new trial. In this connection it is insisted by defendant city that the suit is against two joint tort-feasors on account of an injury inflicted through the negligence of each which concurred in producing the result complained of, and there being a question of contribution between the two defendants, the city had a right to defend throughout the entire course of the litigation in order to reduce the amount recovered against either or both defendants, to the payment of which they may be eventually called upon to contribute. It is claimed that for this reason the city was also entitled to a new trial, especially as it claims that Roberts was primarily liable for the injury. The city cites in support of this contention the cases of Miller v. United Rys. Co., 155 Mo. App. 528; Knox v. M., K. & T. Ry. Co., 199 Mo. App. 64, and similar cases.

It has long been established in this State that, in view of section 8949, Revised Statutes 1919, where the city and another defendant who is primarily liable are sued as joint tort-feasors by an injured party, the two defendants are adversary parties and a judgment in favor of the property owner is *res adjudicata* in an action by the city against him; that a judgment for plaintiff in favor of the property owner and against the city is binding on all and bars the city's right of action against his co-defendant unless reversed on appeal, consequently the city has the right to appeal from a judgment against it and in favor of its co-defendant, and, it follows, has a right to move the trial court to grant a new trial or to move the trial court to set aside the judgment in such circumstances, at least so far as it affects the city's right against its co-defendant. It is likewise held that although

the plaintiff has joined the property owner with the city as co-defendant yet his right to a judgment against the city does not depend upon a judgment against the property owner if the evidence justifies the one and does not justify the other. [Wiggin v. St. Louis, 135 Mo. 558; Kilroy v. St. Louis, 242 Mo. 79, 84; Hutchinson v. Mullins, 189 Mo. App. 438, 446; Kansas City v. Mullins, 200 Mo. App. 639, 641.]

Conceding that the cases of Miller v. United Rys. Co., supra, and Knox v. M., K. & T. Ry. Co., supra, are applicable to the facts in this case, we do not see how defendant city has been deprived of any right to which it was entitled as it was given the right to contest the liability of Roberts throughout. Judgment was finally entered in favor of Roberts and against the city. There was, therefore, but one final judgment in the case (Sec. 1521, R. S. 1909; Deck v. Wright, 135 Mo. App. 536, 539, 540; Russell v. Railway Co., 154 Mo. 428), and the fact that that judgment was in favor of one party defendant and against the other does not militate against the rule that the judgment must be entire in the sense that it must dispose of all parties to the suit. [Bank of Flat River v. Hodges, 228 S. W. 1081.] It is well established that a judgment may be reversed as to one party and affirmed as to other parties "where errors do not affect the parties jointly and the rights of one party are not dependent upon those of another." [Stotler v. Railroad, 200 Mo. 107, 150; Adair v. Railway Co., 220 S. W. 920, 929.] Assuming that this has reference to practice in trial courts, defendant city had no right to have a new trial when one was granted to Roberts as the city has not pointed out to us any error in the first trial that affects the parties jointly and necessitated the granting of a new trial to both defendants. However, in this connection the city says that plaintiff's instruction No. 3 in the first trial was erroneous as to both defendants, for the reason that the petition asked for only $75 for loss of wages while the instruction allows recovery for as much as $300, the amount of such loss as shown by the evidence. If such are the facts, the new trial was not necessary as the matter

could have been cured by a *remittitur* of $300, being the whole amount of the wages submitted to the jury. [Brown v. Planing Mill Co., 217 S. W. 332, 335; Creve Coeur Lake Ice Co. v. Tamm, 90 Mo. App. 189; Smoot v. Kansas City, 194 Mo. 513, 523; Cook v. Globe Printing Co., 227 Mo. 471, 547.] The city, therefore, has not pointed out any error in the first trial affecting jointly the parties defendant that justified a new trial to either defendant and we assume that the trial court did not grant a new trial on the ground suggested. The fact that the city in its Points and Authorities (there being no assignment of errors) does not assign the giving of plaintiff's instruction No. 3 as error is some evidence that the city does not regard this point as of very great merit, if that neglect does not altogether waive the matter.

The court did not err in making the judgment rendered at the September term an interlocutory judgment at the November term. The pendency of the defendant city's motion for a new trial was all that was necessary to effect a continuance of the cause from term to term, [St. Francis Mill Co. v. Sugg, 142 Mo. 364.] Defendant city's motion for a new trial was not disposed of at the September term and not until the January term, 1920, when final judgment was rendered. We fail to see the necessity of declaring the judgment interlocutory as there was no final judgment until the city's motion for a new trial was disposed of. [Holland v. Marshall, 181 S. W. 124.]

It is insisted that the court erred in failing to give the city's instruction in the nature of a demurrer to the evidence, offered at the close of all the evidence at the first trial, for the reason that the offset in the sidewalk at the place of the injury was not of sufficient height to constitute an actionable defect. The obstruction in this case was two and one-half inches in height. In the case of Lundahl v. Kansas City, 209 S. W. 564, the obstruction was between two and three inches. In answering a similar contention ELLISON, P. J., in that case used the following language, l. c. 565—

209 M. A.—12

"It is not practical, of course, to maintain a walk exactly level, or wholly free from obstruction, especially where the topography, or the immediate surroundings, are such as to make it impracticable. The obstruction may be so great or so slight as that it could be declared to be, or not to be, negligence, as a matter of law. That in the present case is along the border line, and we think it should be left to a jury." We rule this contention against the city. [Lundahl v. Kansas City, supra; Willis v. St. Joseph, 84 Mo. App. 428; Price v. Maryville, 174 Mo. App. 698; Lueking v. Sedalia, 180 Mo. App. 203.]

It is insisted that the instruction should have been given for the reason that plaintiff was guilty of contributory negligence as a matter of law. The case of Diamond v. Kansas City, 120 Mo. App. 185, is cited in support of this contention. In the case at bar plaintiff testified that it was pitch dark and that he could not see in front of him; that he had been over the place twice a day from the time the sidewalk was constructed and was walking at an ordinary gait and that his manner of walking was not different at night from that in the day as he had a gait that he used when walking whether in the daytime or at night. There was no evidence that he was walking fast. There is nothing to indicate that the rate of speed he was traveling had anything to do with his fall. There was nothing to indicate that he was approaching an obstruction as the sidewalk was level with the driveway on the north side of the latter. It appears that plaintiff was using the sidewalk as persons ordinarily do under the circumstances.

We do not think that the case of Diamond v. Kansas City, supra, is in point. In that case plaintiff was walking in the nighttime over a causeway constructed four or five feet above the ground. This causeway was provided with handrails on each side thereof. The floor was constructed of 6 x 8 planks running with the course of the sidewalk. At several places in the floor a plank had become detached or removed and plaintiff fell through one of these openings made in the floor by the removal of

a plank. Plaintiff was thoroughly familiar with the situation which was an extremely dangerous one under the circumstances, there being several planks missing and a part of the handrail gone. Under such circumstances it was held that plaintiff was guilty of contributory negligence as a matter of law. In that case, as stated by the court at l. c. 190—"the situation was such that it certainly menaced his safety" and the court was no doubt right in its conclusion, for the reason that a sidewalk constructed as that one was, was extremely dangerous and unless a person took some measures to protect himself against the dangers present, he was more than likely to be injured.

The offset in the sidewalk in the case at bar was not, of course, such a glaringly dangerous place as that in the Diamond case. In order for plaintiff to have discovered the defect it would have been necessary for him to proceed on his hands and knees or to have shuffled his feet along the ground in front of him. We think plaintiff was not guilty of contributory negligence as a matter of law. [Kelly v. Walsh, 177 Mo. App. 318; Lueking v. Sedalia, supra; Browning v. City of Aurora, 190 Mo. App. 477, 480; Devlin v. St. Louis, 252 Mo. 203, 207.]

It is insisted that the court erred in rendering judgment in favor of the defendant Roberts on the second trial. The evidence shows that the offset in the sidewalk was not in front of Roberts' property but was six inches south thereof and in front of the property of another. For a number of years before the sidewalk was constructed there had been an old driveway in use. This old driveway was present when Roberts bought the property. The contractor in doing the work of putting in the new sidewalk in coming to a place where a driveway crossed the sidewalk constructed a new driveway with a foundation under the walk thicker than the remainder of the sidewalk and corrugated the surface thereof. Roberts was away at the time the sidewalk was constructed and gave the contractor no directions as to how it should be constructed. It and the driveway were constructed under

specifications prepared by the city in conformity with the terms of the City Charter [Art. 9, sec. 2, p. 137, Kansas City Charter, 1898.] Under the charter it was beyond the power of the abutting property owner to prevent the Common Council from proceeding to have the sidewalk completed and did not restrict the power of the Council in respect to providing by ordinance for the construction of the sidewalk. [Huling v. Bandera Flag Stone Co., 87 Mo. App. 349, 356, 357, 358.]

Roberts as the abutting property owner had no power to interfere in any manner with the construction of the sidewalk and he did not attempt to interfere, but, on the theory that the contractor was required to do extra heavy work on account of the driveway, the contractor rendered a bill to Roberts for the extra work, which Roberts paid. It appears that that part of the sidewalk built as a driveway was constructed on grade but that portion of the sidewalk to the south was placed above grade contrary to the ordinance for the doing of the work.

At the instance of Roberts the trial court declared that the offset was caused by the sidewalk south of the driveway being above grade as established by the contract between the city and the contractor for the laying of the walk pursuant to an ordinance of the city; that the sidewalk was constructed by the contractor; that the offset where plaintiff fell was not in front of Roberts' property; that the driveway itself did not comprise, constitute or cause any part of the offset or irregularity in the sidewalk; that the driveway itself was on the grade stipulated in said contract, and if not below the grade, Roberts was not liable; and that under the facts adduced in evidence plaintiff had no cause of action against Roberts and its judgment must be for him.

It is contended by the city that the matter of grade did not cause the injury but that "it was putting in the driveway out of the plane of the rest of the walk" that was "the proximate cause of the accident," and that it makes no difference that the offset was slightly on the property of another for whoever creates and maintains a

depresion in the nature of a nuisance on the property of another is liable therefor as much as if it had been created on his own property. However, it was not the construction of the driveway out of the plane of the remainder of the walk that caused the defect. The driveway was on a plane with the sidewalk to the north and the rest of the sidewalk that was on grade, the driveway being exactly on grade. It was the construction of that part of the sidewalk immediately south of the driveway and Roberts' property above the grade and plane of the remainder of the sidewalk that created the defect. With this defect Roberts had nothing to do. It it therefore apparent that the city's declaration of law seeking to hold Roberts liable because he "paid a contractor for putting down a driveway" and "continued to maintain such driveway" was properly refused and Roberts' declaration was properly given.

The judgment is affirmed. All concur.