JAMES M. COX v. FRANK L. SCHAAB STOVE AND FURNITURE COMPANY and GUSTAV GERACI, Appellants.—58 S. W. (2d) 700.

Division One, March 16, 1933.

*Ely & Ely* for appellants.

494

*Strubinger & Strubinger* and *Frank Coffman* for respondent.

STURGIS, C.—This is a suit for personal injuries and illustrates the difficulties in which a plaintiff is likely to become involved when suing and insisting on a judgment for damages against two or more joint tort-feasors. In this case the plaintiff brought his suit for $15,-000 damages against three defendants, the Frank L. Schaab Stove and Furniture Company, a business corporation, the city of St. Louis, a municipal corporation, and Gustav Geraci, an individual, charging them with joint and several negligence producing or contributing to his personal injuries. The petition specified the acts of negligence of which each was alleged to be guilty. Each of the defendants filed a separate answer denying negligence and liability, and each de-

fended by separate attorneys. The case was tried to a jury and resulted in the plaintiff recovering a verdict for $4,500 against each and all the defendants. Thereupon each defendant filed its separate motion for new trial alleging divers and somewhat different errors. The trial court, or probably the clerk without being so directed, without waiting for any ruling on the motions for new trial, entered of record a judgment in plaintiff's favor for the amount of the verdict against the three defendants. The trial court, on considering these motions for new trial severally, overruled the motion of the defendant Stove and Furniture Company and of the individual defendant Geraci, but sustained the motion of the city of St. Louis and granted it a new trial. The effect of sustaining this motion for new trial was to annul the judgment as against the city of St. Louis, and, as we shall see, the effect should have been to prevent any judgment being rendered on the verdict until another trial was had against the City or the case disposed of in some way as to such defendant. ██ The plaintiff, by force of our statute, Section 1018, Revised Statutes 1929, had a right to appeal from the order granting the City a new trial, which he did do, or could await without prejudice a final judgment disposing of the entire case and then appeal.

As stated, the plaintiff took an appeal from the order sustaining the motion of the City for a new trial, but that is not the appeal we are now considering. That appeal has been abandoned and dismissed by plaintiff in this court. The appeal which we are considering is by defendant Schaab Stove and Furniture Company, which company, treating the judgment entered on the verdict against all three defendants as a final judgment against it (its motion for new trial having been overruled), took and was granted an appeal to this court. The other defendant Geraci, whose motion for new trial was also overruled, did not appeal, but, as we shall see, he may yet do so.

██ As we have stated, the only judgment of record in this case is one against all three defendants for the amount of the verdict entered before the motions for new trial were acted on or disposed of. When the court granted a new trial to the defendant city of St. Louis, that of necessity annulled the judgment as to the City and left the judgment as one not disposing of the case as to that defendant. It is yet pending. This defendant is therefore correct in urging that this judgment, if regarded as a final judgment against the other two defendants, does not finally dispose of the case as against the defendant City since it was granted a new trial, and a final judgment is erroneous, if not void, which does not dispose of the whole case as to all the parties. [Sec. 1070, R. S. 1929; Baker v. St. Louis, 189 Mo. 375, 378, 88 S. W. 74; Rock Island Implement Co. v. Marr, 168 Mo. 252, 67 S. W. 586; Pittsburg Plate Glass Co. v. Peper, 96 Mo. App. 595, 70 S. W. 910; Costello v. Kansas City, 209 Mo. App.

155, 161, 232 S. W. 165; Holland v. Marshall (Mo. App.), 181 S. W. 124.]

The contention of the appealing defendant, Schaab Stove and Furniture Company, does not, however, lead to the result it contends for in having this court reverse and remand the case for new trial as to it on account of that and other errors complained of, but rather cuts from under it the basis of its own appeal and makes it impossible for us to examine or pass on the other errors complained of. This is true for the reason that an appeal (other than one from the order granting a new trial to defendant City, which has been abandoned here) only lies from a final judgment, and a final judgment is one which disposes of the whole case as to all the parties. [Deck v. Wright, 135 Mo. App. 536, 539, 116 S. W. 31.] If, as this defendant contends, the judgment entered against the defendants before the motions for new trial were acted on is fatally defective because, on sustaining the City's motion for new trial, it left the case still pending and undisposed of as to the defendant City, then it is not a final judgment from which an appeal will lie.

This court has frequently and consistently ruled not only that there can be only one final judgment in a case (Russell v. Railroad, 154 Mo. 428, 55 S. W. 454; Seay v. Sanders, 88 Mo. App. 478), which must dispose of all the issues and all the parties, but also that such final judgment cannot properly be, and in legal contemplation never is, rendered or entered until after the motion for new trial or in arrest of judgment is acted on or the time for filing same expired; and if a new trial is granted, not till the new trial is had or the case finally disposed of. [Holland v. Marshall (Mo. App.), 181 S. W. 124; Scott v. Scott, 44 Mo. App. 600; Cramer v. Barmon, 193 Mo. 327, 91 S. W. 1038.] In legal contemplation the date of the judgment is the date when the motion for new trial is overruled. Walter v. Scofield, 167 Mo. 537, 67 S. W. 276; Scott v. Realty Co., 241 Mo. 112, 122, 145 S. W. 48, where it is said: "In theory the judgment follows the order overruling the motion, though in practice it precedes it." And if such motion is granted the case is left pending and no final judgment is entered till the new trial is had or some equivalent action taken. If a judgment final in form is entered without awaiting the filing or disposal of the motion for new trial or in arrest of judgment, such judgment is in fact merely interlocutory, from which no appeal will lie. [Costello v. Kansas City, 209 Mo. App. 155, 232 S. W. 165.]

We cannot overlook the point that as the judgment attempted to be appealed from is for only $4,500, this court has no appellate jurisdiction. It is suggested that a constitutional question is raised, but we find that no constitutional question is even suggested except in the motion in arrest of judgment, which was not filed as required by statute within four days after the trial. [Sec. 1005, R. S. 1929.]

That is too late and any matter so raised cannot be considered. [State ex rel. Waggoner v. Lichtman, 184 Mo. App. 225, 227, 168 S. W. 367; Schwettman v. Sander (Mo. App.), 7 S. W. (2d) 301.] However, there is no constitutional question in the case and the amount in controversy, $4,500, places the jurisdiction on appeal in the Court of Appeals.

It is therefore ordered that this cause be transferred to the St. Louis Court of Appeals. *Ferguson* and *Hyde, CC.*, concur.

PER CURIAM:—The foregoing opinion by STURGIS, C., is adopted as the opinion of the court. All of the judges concur, except *Hays, J.*, not voting, because not a member of the court at the time cause was submitted.