MEYER FRIED v. IRENE MARBURGER, OREON E. SCOTT, as Trustee et al., Defendants, and IRENE MARBURGER and OREON E. SCOTT, as Trustee, Appellants.—No. 39315.—186 S. W. (2d) 584.

Division One, March 5, 1945.

Rehearing Denied, April 2, 1945.

*Salkey & Jones* and *Wilbur B. Jones* for appellants.

*John C. Kappel, Jr.,* and *James E. Higgins* for respondent.

CLARK, P. J.—Appeal by the two answering defendants from an order of the circuit court refusing to revoke the appointment of a receiver.

Respondent, as plaintiff, for himself and on behalf of all others similarly situated, sued to foreclose a deed of trust on real estate, for the appointment of a receiver and for other specific and general relief. Among other allegations the petition states: that defendant Irene Marburger, being the owner of described real estate, on June 2, 1927, conveyed the same to defendant Scott, as trustee, to secure the payment of 160 notes of $500.00 each; that plaintiff is the owner of

one of the notes which is past due and unpaid after demand; that he has demanded that the trustee foreclose the lien of the deed of trust to satisfy his note and all the other unpaid notes according to provisions alleged to be contained in the deed of trust; that defendant Scott has refused to foreclose, etc.

All unknown noteholders were made defendants and served by publication, but failed to answer.

Defendants Irene Marburger and Scott filed a joint answer admitting the execution of the notes and deed of trust, but alleging that the latter vested in Scott as trustee the right to manage the real estate, collect and apply the rents, and that no foreclosure could be had except upon the written demand of a majority of the noteholders.

Plaintiff filed a reply admitting that the deed of trust contained the provisions mentioned in defendants' answer, but alleging that such provisions are void; also that Scott owns or controls a majority of the notes, dominates a majority of the noteholders so they will not request foreclosure, that defendant Marburger is an employee of Scott and under his control, that by virtue of his position Scott is not qualified to act as trustee and is managing the real estate for his own benefit.

The chancellor did not appoint a receiver until the conclusion of the trial on the merits. No demurrer was filed to the petition, but at the start of the trial defendants objected to the introduction of any evidence on the ground that the petition failed to state a cause of action.

In the evidence it developed that defendant Scott was the actual owner of the real estate at the time the deed of trust was executed and at all times since. During all that time defendant Irene Marburger has been in the employ of Scott and the legal title to the real estate has been in her name. She signed the notes and deed of trust. Scott prepared them and named himself as trustee. The deed of trust is very long, covering more than fourteen pages of the printed abstract, and purports to vest unusually extensive authority and wide discretion in the trustee. Among other provisions it assigns the rent and income from the real estate to the trustee for the benefit of the noteholders, and permits the trustee to charge a commission for collecting the rent. Out of the rent the trustee is to pay taxes, repairs, insurance, interest and principal and "shall have the right to pay to the owner of this property, from time to time, such sums of money as may be available." It is provided that any right of action is vested exclusively in the trustee, and under no circumstances will any noteholder or any noteholders have any right to institute any action or proceeding to enforce any remedy or to foreclose, except in case of the refusal of the trustee to perform any duty imposed upon him. Upon the written request of the legal holder or holders of a majority of the

notes the trustee *may* foreclose. The only indication or intimation in the deed of trust that Scott might have or acquire an interest in the real estate and still remain trustee depends upon the two words, "or property," contained in a paragraph providing that any interest Scott might have or acquire in the debt would not prevent him from acting as trustee and that grantor waives any objection to Scott having or acquiring "any *such* interest in the debt, or property, or continuing thereafter as trustee."

A preceding paragraph in the deed of trust provided that the trustee could purchase and hold any of the notes without impairing his right to act as trustee and, at any sale pursuant to the powers contained in the deed of trust or under judicial authority, the trustee could buy the mortgaged property. This clearly intended that the trustee could buy the land *at foreclosure* and indicated that he had no interest in the land at the time of the execution of the deed of trust. A prospective note purchaser reading the two paragraphs together might reasonably conclude that it was intended to permit the trustee to buy the land *only* at foreclosure and that the words "or continuing thereafter as trustee" meant after a purchase of notes.

On the question of whether Scott informed the noteholders that he was the owner of the real estate, he testified that he didn't volunteer such information, but told any one who asked about it. He did not disclose the fact of his ownership in his answer. This fact was brought out when his deposition was taken after the pleadings were made up and before the trial. Scott collected the rent, charging a commission therefor, and paid repair bills, on most of which he received the benefit of a discount. As to the total amount of such discounts, the evidence conflicts. Ten of the notes have been paid. Scott owns twenty-five of the notes still outstanding. He was uncertain as to whether he bought these notes or whether some of them may have been issued to him and never sold. Interest has been paid to date, but all the notes are past due and taxes are delinquent on the real estate for several years.

After the evidence was in plaintiff, by leave of court, amended his petition to allege that at all times Scott has been and is the actual owner of the real estate and now owns twenty-five of the outstanding notes.

The chancellor found all the issues for the plaintiff and rendered a decree ordering foreclosure, appointing a special commissioner to make the sale, appointing the same person receiver of the real estate until the sale, and retaining jurisdiction for certain specified purposes which pertain to the enforcement of foreclosure and disposition of proceeds of sale.

Two days after the decree defendants Marburger and Scott filed a joint motion for new trial and two days later filed a motion to

revoke that part of the decree appointing a receiver. The record does not show that the motion for new trial was passed on or that the case was continued, but the motion to revoke the appointment of a receiver was overruled and defendants appealed from that ruling.

Our Statute [Section 1184, Revised Statutes Missouri 1939, Mo. R. S. A. 1184, Session Acts 1943, page 390, Section 126] expressly authorizes an appeal from an order refusing to revoke an interlocutory order appointing a receiver. Under the facts of this case, the order appointing a receiver although made at the same time and as a part of the decree on the merits, is an interlocutory order. The motion for new trial, until passed on, suspended the decree and left the chancellor with the same power to set it aside or modify it at a subsequent term as at the term it was rendered. [Walter v. Scofield, 167 Mo. 537, 67 S. W. 276; Doerschuk v. Locke, 330 Mo. 819, 51 S. W. (2d) 62; Cox v. Stove & Furn. Co., 332 Mo. 492, 58 S. W. (2d) 700.] This is true although no formal order of continuance was entered. [Horn v. The Excelsior Springs Co., 52 Mo. App. 548.]

The petition stated a cause of action for the foreclosure of a deed of trust, the main purpose of the suit, and the chancellor did not exceed his authority in permitting the petition to be amended to conform to the proof.

Is the order appointing a receiver justified by the evidence? The use of a straw party to hold the legal title and to execute the deed of trust was not, in and of itself, a fraudulent act. That fact alone did not invalidate the deed of trust or any provision thereof, but it does have some importance in determining the qualifications of Scott to act as trustee in a deed of trust on his own real estate.

Appellants contend that a "trustee under a deed of trust may acquire an interest in the property and in the debt secured thereby, and may also receive commissions and discounts from the operation of the property where such interests and profits are entirely above board and known to all the parties and are specifically authorized by the deed of trust." The cases cited do not support that contention. Brooker v. Thompson Trust Co., 254 Mo. 125, 162 S. W. 187, involved the right of a promoter to receive commissions for organizing a corporation. Hadley Bros.-Uhl Co. v. Scott, 227 Mo. App. 354, 53 S. W. (2d) 1070, was a suit to restrain Scott [the same person who is one of the appellants in the instant case] from foreclosing a deed of trust in which he was named as trustee. The ground alleged was that Scott was disqualified to act as trustee because, as an insurance agent or broker, he was receiving commissions from the insurance which he had written on the real estate covered by the deed of trust. The debtor had expressly agreed to this in its written application for the loan and the court of appeals correctly held that the trustee was not disqualified. But there the trustee was

not the owner of the mortgaged real estate or any part of the debt. A trustee in a deed of trust, who is otherwise disinterested, may properly receive compensation for managing the pledged property, but that does not mean that a trustee who is the actual owner of the real estate may compensate himself out of the rents which have been pledged to the noteholders.

"The trustee is the representative of both the parties to the deed . . . He must act fairly toward both parties and in the best interests of both." [41 C. J., p. 284, sec. 11. See also 41 C. J., p. 605, sec. 571.]

"The trustee acts for both parties. The law exacts of him the utmost good faith and strictest impartiality. He should, in the performance of his trust, have no personal interest to subserve nor any friends to accommodate." [Long v. Long, 79 Mo. 644, 1. c. 656.]

We are familiar with cases which hold that a trustee, with the consent of the debtor, may become the owner of the secured debt; also that the deed of trust now being considered contains a provision to that effect. We know of no case which sustains such a provision where the trustee is also the owner of the real estate.

Appellants claim that the deed of trust expressly authorizes the trustee to become the owner of the real estate as well as of the debt. That claim rests entirely upon the two words "or property" inserted in the clause we have heretofore quoted dealing with the right of the trustee to acquire an interest in the secured debt. The chancellor did not think, nor do we, that there was such a full and fair disclosure of his ownership to qualify Scott to act as trustee. Even if there had been such full disclosure, we could not hold that the owner of the real estate was in a position to fairly and impartially act as trustee with the wide discretion conferred by the deed of trust. For instance, the deed of trust provides that the trustee may acquire the secured notes and that foreclosure can be had only on the written request of the holder of a majority of the notes. Literally construed, that would permit Scott, by acquiring or by issuing to himself a majority of the notes, to deny to the minority of noteholders the right to ever foreclose the deed of trust.

The plaintiff might have a good case for the removal of Scott as trustee and to require him to account, but that is not the case alleged in his petition either as originally filed or as amended. The main purpose of the suit is to foreclose the deed of trust and the appointment of a receiver is ancillary to that purpose. [45 Am. Jur., p. 31, sec. 28; Laumeier v. Sun-Ray Co., 330 Mo. 542, 50 S. W. (2d) 640.] If the main purpose fails the incidental relief cannot be granted. This brings plaintiff [respondent] to an insurmountable obstacle, for the deed of trust provides that foreclosure can be compelled only upon the demand of the holders of a majority of the notes.

In Monticello Bldg. Corp. v. Investment Co., 330 Mo. 1128, l. c. 1140, 52 S. W. (2d) 545, we held valid a provision in a deed of trust limiting the right of foreclosure to twenty per cent of the holders of outstanding notes. We hold that a provision requiring consent of the holder or holders of a majority of the notes [other than such as may be owned or controlled by the owner of the land] is also reasonable and should be enforced unless a showing is made that the interests of the minority noteholders will be unjustly affected thereby. Upon such a showing a court of equity would decree foreclosure without the consent of a majority. In the instant case the plaintiff alleged as reason for ignoring the provision requiring majority consent that Scott dominated the majority. We find no proof in the record of that allegation. Nor did plaintiff prove that an immediate foreclosure will be to the best interest of the noteholders. His own evidence makes it doubtful that the property is of sufficient value to satisfy the notes in full, but that for the last few years it has constantly increased in value.

As the proof failed to authorize the main relief prayed for, it also failed to authorize the ancillary relief granted, to wit, the appointment of a receiver.

The order of the court refusing to revoke the appointment of receiver is hereby reversed. All concur.